103 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank J. MATYLINSKY, Jr., Plaintiff-Appellant,
v.
Carol PLOYHAR; Sergeant Coleman, Defendants-Appellees.
 No. 95-15794.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 7, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank J. Matylinsky, Jr., a Nevada state prisoner, appeals pro se the district court's summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action. Matylinsky contends that the district court erred because: (1) prison officials violated his due process rights at a prison disciplinary hearing; (2) prison officials violated his Eighth Amendment rights by transferring him after the disciplinary hearing; and (3) the court denied him leave to file a second amended complaint.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse in part and affirm in part.
 
 
 3
 After a defendant files a motion for summary judgment supported by affidavits against a pro se plaintiff, the district court must advise the pro se plaintiff of the need to submit responsive evidence in opposition to summary judgment. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). Because the district court failed to do so with respect to Matylinsky's due process claims, we reverse its grant of summary judgment on those claims. See id.
 
 
 4
 Matylinsky contends that prison officials violated his Eighth Amendment rights by transferring him after the disciplinary hearing. Because there is no federal constitutional guarantee that a convicted prisoner will be placed in any particular prison, and because Matylinsky does not contend that the conditions of his confinement involve the infliction of pain or "serious deprivations of basic human needs," he has not shown that defendants violated his Eighth Amendment rights. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Meachum v. Fano, 427 U.S. 215, 224 (1976). Accordingly, we affirm the district court's judgment with regard to this issue.
 
 
 5
 Matylinsky contends the district court abused its discretion by dismissing four of the defendants named in his original complaint, and by denying him leave to file a second amended complaint. The district court granted Matylinsky leave to file a second amended complaint. However, because he failed to file the complaint within the time prescribed by the court, the district court did not abuse its discretion by dismissing the four defendants, and we affirm the court's judgment with respect to this issue. See Fed.R.Civ.P. 15(a).
 
 
 6
 REVERSED IN PART, AFFIRMED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We do not consider whether the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996) applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendants contend that we lack jurisdiction to consider contentions (2) and (3) because Matylinsky only referred to the summary judgment order in his notice of appeal, and the district court addressed these claims prior to summary judgment. We may review these contentions on appeal because Matylinsky addressed them in his opening brief, and defendants therefore had notice and an opportunity to fully brief the issues and did not suffer prejudice. See Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1481 (9th Cir.1986), aff'd, 488 U.S. 347 (1989); see also Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1173 (9th Cir.1996)