122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Narjit Brar SINGH, Plaintiff-Appellant,
v.
MCDONNELL DOUGLAS CORPORATION, Defendant-Appellee.
 No. 96-56799.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997**
Filed August 27, 1997.
 
 Appeal from the United States District Court for the Central District of California, Gary L. Taylor, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Narjit Brar Singh appeals pro se the district court's summary judgment in favor of his former employer, McDonnell Douglas Corporation ("MDC"), in Singh's action alleging that he was terminated on account of his age and national origin in violation of Title VII, 42 U.S.C. § 2000e, the California Fair Employment and Housing Act ("FEHA"), Cal.Gov't Code § 12940, and California contract law.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Singh contends that the district court erred by granting summary judgment for MDC because Singh established that MDC's reduction-in-force ("RIF") was a pretext for age discrimination and because Singh established a prima facie case of discrimination on account of national origin. This contention lacks merit.
 
 
 4
 We review de novo the district court's grant of summary judgment. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied. the relevant substantive law. See id. Because "California courts have relied upon federal interpretations of Title VII to interpret analogous provisions of the [FEHA]," we apply the same analysis to Singh's federal and state law claims. See Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 270 (9th Cir.1996).
 
 
 5
 The plaintiff must first establish a prima facie case of discrimination. See Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420 (9th Cir.1990). If the plaintiff establishes a prima facie case, the burden shifts to the employer to produce evidence that it had legitimate non-discriminatory reasons for the employment decision. See id. If the employer carries its burden, the burden again shifts to the plaintiff to prove by a preponderance of the evidence that the employer's reasons offered were a pretext for discrimination. See id.
 
 
 6
 Here, Singh and two other employees were furloughed as part of a massive RIF. Because these three furloughed employees were the oldest employees in Singh's department, Singh has established a prima facie case of age discrimination. See id. MDC asserts that it furloughed these employees not because of their age, but because they received the lowest evaluation scores and were the least experienced in the department. Because Singh has failed to rebut MDC's legitimate nondiscriminatory reasons, Singh's age discrimination claim fails. See id.[2]
 
 
 7
 Accordingly, the district court did not err by granting summary judgment for MDC on Singh's age discrimination claim. See Bagdadi, 84 F.3d at 1197. Last, because Singh has adduced no evidence that he was discriminated against based upon his national origin, the district court did not err by granting summary judgment for MDC on Singh's Title VII claim. See id.
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Singh's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Singh did not raise his state contract law claims in his notice of appeal or in his opening brief, he has waived those issues on appeal. See In re Pacific Enters. Sec. Litig., 47 F.3d 373, 379 n. 6 (9th Cir.1995)
 
 
 [2]
 The fact that MDC recruited to fill positions vacated after the RIF does not support Singh's claim. See Rose, 902 F.2d at 1422 (holding that hiring that occurred much later than termination does not fulfill employee's burden)
 
 
 [3]
 Because Singh did not file timely objections to the magistrate judge's discovery order with the district court, he may not seek review of that order here. See Fed.R.Civ.P. 72(a); see also Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir.1996)