124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Salvador Navarro ARANDA, Plaintiff-Appellant,
v.
Robert G. BORG, Warden; Defendant,
and
R. Durfey, Correctional Officer; B.E. Joseph, Sergeant,
Defendants-Appellees.
 No. 97-15065.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 8, 1997.**
Decided September, 15, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-94-01046-JFM; John F. Moulds, Magistrate Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Salvador Navarro Aranda, a California state prisoner, appeals pro se from the district court's judgment following a jury trial and partial summary judgment in his 42 U.S.C. § 1983 action alleging use of excessive force in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Aranda contends that the district court erred by not issuing writs of habeas corpus ad testificandum for four inmate witnesses and denying his request that a correctional officer testify at trial. Because Aranda failed to file objections to the magistrate judge's pretrial order denying Aranda's requests for these witnesses, Aranda failed to preserve this issue for appeal. See Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir.1996) (holding that a party who fails to file timely objections to a magistrate judge's non-dispositive order forfeits the right to appellate review of that order); see also ACORN v. City of Phoenix, 798 F.2d 1260, 1272 (9th Cir.1986) (stating that pretrial orders under Fed.R.Civ.P. 16(e) shall control the course of proceedings unless modified).[1]
 
 
 4
 Aranda also contends that the district court erred by granting summary judgment for defendant Joseph on the ground that Aranda was basing Joseph's liability on a respondeat superior theory. Because a jury concluded that the use of force by defendant Durfey against Aranda was not excessive, establishing that there was no violation of Aranda's constitutional rights, we cannot conclude that the grant of summary judgment for Joseph is reversible error.
 
 
 5
 Finally, Aranda contends that the district court erred by denying his motions for appointment of counsel. Because the record does not demonstrate that there were any exceptional circumstances supporting appointment of counsel, we conclude that the district court did not err by denying Aranda's motions. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We also note that Arandan failed to comply with the magistrate judge's instructions for obtaining the presence of these witnesses at trial
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal