142 F.3d 445
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pamela THOMAS, Plaintiff-Appellant,
v.
Regents of the University of California, University of
California Los Angeles Medical Center, Defendant-Appellee.
 No. 97-55924.
D.C. No. CV-96-03190-HLH.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998**.
Decided April 28, 1998.
 
 Appeal from the United States District Court for the Central District of California Harry L. Hupp, District Judge, Presiding.
 Before BRUNETTI, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pamela Thomas appeals pro se the district court's summary judgment for defendant in Thomas's employment discrimination action alleging retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3). Thomas claims a triable issue of material fact exists concerning whether defendant's proffered reason for terminating her was pretextual for retaliation, as evidenced by the alleged mishandling of Thomas's union grievance following a disciplinary suspension. We review de novo the district court's grant of summary judgment. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 888 (9th Cir.1994). We affirm.
 
 
 3
 Because Thomas failed to present specific evidence that defendant's proffered reasons for her termination were a pretext concealing a retaliatory motive, we conclude the district court did not err by granting summary judgment for defendant. See id. at 890-92.[1]
 
 
 4
 Thomas's motions to permit the filing of supplemental excerpts of record on appeal and an "additional notarized citation" are DENIED.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Thomas raised the following additional purported genuine issues of material fact for the first time in her reply brief: (1) the falsity of charges that Thomas manipulated time records, (2) defendant's failure to consider an eyewitness account by a co-worker sympathetic to Thomas, (3) additional disputed material facts set forth in Thomas's response to defendant's motion for summary judgment, and (4) Thomas's supervisor's attempt to persuade Thomas to resign. Because these issues were not raised in Thomas's opening brief, they are waived on appeal. See Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1176 (9th Cir.1996)