**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Edward E. ALLEN, Defendant–**
**Appellant.**

**No. 00–35418.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2001*.

Decided Jan. 25, 2001.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM**

Edward E. Allen appeals the district court's order dismissing his § 2255 motion for lack of subject matter jurisdiction. The district court found that Allen was not "in custody" when he filed his § 2255 motion. 28 U.S.C. § 2255. Allen contends that the district court erred in finding that his § 2255 motion was filed on February 3,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

2000 instead of February 1, 2000. We affirm.

We review de novo the district court's decision to deny a § 2255 motion, and we review the district court's factual findings for clear error. *United States v. Guess*, 203 F.3d 1143, 1145 (9th Cir.2000). The district court found that Allen completed his sentence, including supervised release, on February 1, 2000. The district court also found that Allen filed his § 2255 motion on February 3, 2000. Allen contends that this latter finding was erroneous because the clerk received his § 2255 motion on February 1, 2000. In support of this contention, Allen offers for the first time on appeal a "Certified Mail" receipt bearing what purports to be a stamped signature of the "US District Court" and a delivery date of February 1, 2000.

Though Allen has not moved this court to supplement the record, the evidence he offers was never filed with the district court. Only in "extraordinary situations" will we permit "the record on appeal [to] be supplemented with material that was not before the district court." *Barilla v. Ervin*, 886 F.2d 1514, 1521 n. 7 (9th Cir. 1989) (citing *Ross v. Kemp*, 785 F.2d 1467, 1474 (11th Cir.1986)), *overruled on other grounds, Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir.1996). Allen has not made a showing of excusable neglect, nor has he demonstrated that any "extraordinary" circumstances support supplementing the record on appeal. Accordingly, Allen's alleged new evidence is ordered stricken.[1]

The only evidence in the record regarding the filing date of Allen's § 2255 motion is the clerk's date-stamp on the document.

Allen never offered the district court any evidence of an earlier filing date, and only asserted an earlier filing date after the court dismissed his § 2255 motion. On this record, the district court did not clearly err in finding that Allen filed his § 2255 motion on February 3, 2000, two days after he was released from custody. Accordingly, the district court did not err in concluding that it lacked subject matter jurisdiction. *See Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

AFFIRMED.

---

1. The Government has attempted to rebut Allen's new evidence by offering new evidence of its own. The Government's rebuttal evidence is ordered stricken for the same reasons.

