Raymond SIMPSON, Plaintiff–Appellant,

v.

**LEAR ASTRONICS CORPORATION, Defendant–Appellee.**

**UNITED STATES ex rel. Raymond SIMPSON, Plaintiff–Appellee,**

v.

**LEAR ASTRONICS CORPORATION, Defendant–Appellant.**

Nos. 94–55556, 94–55625.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 1995 *.

Decided Feb. 27, 1996.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Raymond Simpson, in propria persona, Pomona, California, for plaintiff-appellant-cross-appellee.

Michael D. Newman, Crowell & Moring, Irvine, California, for defendant-appellee-cross-appellant.

** The Honorable Claudia Wilken, United States District Judge for the Northern District of Cali-

Before: T.G. NELSON and KLEINFELD, Circuit Judges, and WILKEN,** District Judge.

WILKEN, District Judge.

Raymond Simpson, appearing *in propria persona,* appeals two nondispositive orders issued by a magistrate judge. The first, filed on December 7, 1993, imposed sanctions against Simpson for failing to respond adequately to discovery requests. The second, filed on January 13, 1994, set those sanctions at $10,000. Simpson also appeals the district court's order filed March 21, 1994 granting summary judgment against him on his first cause of action. On cross-appeal, defendant Lear Astronics Corporation challenges the district court's decision not to grant sanctions against Simpson pursuant to Federal Rule of Civil Procedure 11 and 31 U.S.C. section 3730(d)(4). This decision is reflected in the district court's March 21 summary judgment order and in the final order and judgment in this case filed the same day which does not award attorneys' fees to Lear.

## BACKGROUND

Simpson, a former internal auditor for Lear, brought this case *in propria persona* pursuant to the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. sections 3729 *et seq.* Simpson's second amended complaint is divided into two causes of action: the first alleges that Lear has submitted false claims to the government; the second alleges that Lear has unlawfully retaliated against Simpson for filing this lawsuit. Pursuant to the False Claims Act, the Department of Justice investigated the complaint, but declined to intervene. Simpson nevertheless decided to pursue this action alone.

During the proceedings below, the parties filed several nondispositive motions which the district court referred to a magistrate judge. Among these was a motion by Lear seeking dismissal for discovery abuse, or alternatively, an order compelling discovery responses and imposing monetary sanctions.

fornia, sitting by designation.

The magistrate judge denied the motion to dismiss but ordered Simpson to respond to Lear's discovery requests and imposed discovery sanctions on Simpson in an amount to be determined later. The magistrate judge subsequently filed an order setting the sanctions at $10,000. Simpson did not file objections to either of the discovery sanctions orders with the district judge. Simpson did, however, discuss the discovery sanctions in a stipulated statement of issues for decision that the parties filed on February 2, 1994 in relation to Lear's motion to dismiss the complaint for Simpson's failure to comply with the December 7 order compelling discovery. In that document, Simpson stated that the magistrate judge had no recourse but to sanction him because Lear's motion was the only motion before the court. He also observed that the sanctions were in accordance with the Federal Rules of Civil Procedure. Simpson nevertheless complained that the sanctions were set too high because their imposition would limit his ability to prosecute his case on the merits and would therefore lead to an eventual appeal.

Regarding the merits of the case, prior to the summary judgment order which is also at issue in this appeal, the district court granted Lear's motion to strike seventeen paragraphs of the second amended complaint. It also granted Lear's motion for summary judgment regarding the second cause of action. Lear then moved for summary judgment regarding the surviving paragraphs of Simpson's complaint and for sanctions pursuant to Rule 11 and 31 U.S.C. section 3730(d)(4). Simpson filed no opposition to this motion. On March 16, 1994, three working days before the scheduled hearing on Lear's motion (nine days after the deadline for his opposition under the Central District's Local Rule 7.6), Simpson filed a motion for an extension of time in which to file an opposition. After considering Lear's reply, the district court denied the motion for an extension. Simpson has not appealed the denial of this motion. (He did not mention the denial of the extension in his notice of appeal or in his opening brief, but only in his reply.) On March 21, 1994, the district court granted the motion for summary judgment, but denied the motion for sanctions.

## DISCUSSION

### I. *The Magistrate Judge's Award of Discovery Sanctions*

As an initial matter, Lear suggests that only the order setting the amount of discovery sanctions is at issue in this appeal and not the initial award of sanctions. Lear bases this argument on the fact that Simpson did not list December 7, 1993 (the date sanctions were imposed) on his notice of appeal in the blank provided for the date of the appealed order. In his opening brief, however, Simpson makes reference to the December 7 order and makes arguments directed both at the propriety of sanctions generally and the specific amount imposed. This Court has held that "[a] mistake in designating the judgment appealed from should not bar appeal as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 451 (9th Cir.1983), *cert. denied*, 464 U.S. 1071, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984). We may infer from both Simpson's notice of appeal, stating that he was appealing the "order to pay attorney fees," and the arguments contained in Simpson's opening brief, that Simpson intended to appeal both the order imposing sanctions and the order setting their amount. The notice of appeal and opening brief gave Lear adequate notice that the earlier order was at issue in this appeal.

Lear next argues that Simpson may not seek review of the discovery sanctions orders because Simpson failed to file objections to those orders with the district judge assigned to the case within ten days of being served with them, as is required by Federal Rule of Civil Procedure 72(a). Enacted in 1983, Rule 72(a) provides that within ten days of being served with a copy of a magistrate judge's nondispositive order, a party may file objections to the order with the district judge to whom the case is assigned. Since the 1991 amendment to Rule 72(a) became effective on December 1, 1991, the Rule has also explicitly prohibited an aggrieved party who fails to object within the

ten-day period from later "assigning as error a defect in the magistrate judge's order." Fed.R.Civ.P. 72(a). At least two other circuits have relied on Rule 72(a) in concluding that a magistrate judge's nondispositive order must have been reviewed by the district court in order to be appealable. *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir.1993); *CNPq–Conselho Nacional de Desenvolvimento Cientifico e Technologico v. Inter-Trade, Inc.*, 50 F.3d 56, 57 (D.C.Cir.1995); *see Charter Oil Co. v. American Employers' Ins. Co.*, 69 F.3d 1160, 1171–72 n. 4 (D.C.Cir. 1995) (explaining *CNPq* and Rule 72(a)). We find these cases persuasive and conclude that a party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.[1]

In reaching this holding, we note that this Circuit's previous decisions regarding whether a party may appeal a magistrate judge's nondispositive order absent the timely filing of objections in the district court have not been entirely consistent. *Compare U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102–03 (9th Cir.1985), and *United States v. Bogard*, 846 F.2d 563, 567 n. 2 (9th Cir.1988), (allowing appeal despite failure to object to district court) *with Palmer v. United States*, 794 F.2d 534, 540 (9th Cir.1986), and *McKeever v. Block*, 932

F.2d 795, 798–99 & n. 4 (9th Cir.1991), (finding appeal precluded). *See also Yorkshire v. United States Internal Revenue Serv.*, 26 F.3d 942, 944 n. 3 (9th Cir.), *cert. denied*, — U.S. ——, 115 S.Ct. 487, 130 L.Ed.2d 399 (1994) (noting inconsistency between *Dominator* and *Bogard* on the one hand and *Palmer* and *McKeever* on the other, but declining to reach issue). The conflicting cases, however, were decided before the amendment of Rule 72(a) in 1991 and therefore do not address the bar on later assignment of error that is now part of the Rule. To the extent that *Dominator* and *Bogard* stand for the proposition that a party may appeal a magistrate judge's nondispositive order notwithstanding the fact that the party has failed to file timely objections to that order with the district judge to whom the case is assigned, we find that *Dominator* and *Bogard* have been superseded by the 1991 amendment to Rule 72(a).[2]

Rulings from other circuits, as well as policy considerations, support this outcome. The majority of circuits has found that a party who fails to object to a magistrate judge's nondispositive order is barred from pursuing appellate review of that order. *See, e.g., United States v. Akinola*, 985 F.2d 1105, 1108 (1st Cir.1993); *United Steelworkers of America, AFL–CIO v. New Jersey Zinc Co., Inc.*, 828 F.2d 1001, 1007 (3d Cir.1987); *Boren v. N.L. Indus., Inc.*, 889 F.2d 1463, 1465

---

1. Some circuits have found that a party's failure to file objections before the district judge to a magistrate judge's nondispositive order deprives the appellate court of jurisdiction to hear an appeal of that order. *See, e.g., Pagano*, 983 F.2d at 346; *CNPq*, 50 F.3d at 57. We have previously described the issue as one of waiver, rather than jurisdiction. *See, e.g., Yorkshire v. United States Internal Revenue Serv.*, 26 F.3d 942, 944 n. 3 (9th Cir.), *cert. denied*, — U.S. ——, 115 S.Ct. 487, 130 L.Ed.2d 399 (1994). Considering the 1991 amendment of Rule 72(a), however, which sets a deadline for the filing of objections in the district court to a nondispositive order and prohibits challenge of the order thereafter if objections are not filed, we conclude that the issue is one of forfeiture. The Supreme Court recently clarified the distinction between waiver and forfeiture, observing that, "forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993).

2. We note that even before Rule 72(a) was amended, the continued validity of *Dominator* and *Bogard* had been called into question. In *Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 635–36 (9th Cir.1988), *overruled on other grounds, United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir.1992) (en banc) (per curiam), *cert. denied*, 507 U.S. 978, 113 S.Ct. 1429, 122 L.Ed.2d 797 (1993), we noted that *Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir.1983), a case finding that the failure to file objections did not constitute waiver of the right to appeal legal recommendations filed by a magistrate judge on a dispositive motion (and from which both *Dominator* and *Bogard* spring), was inconsistent with our earlier decision in *McCall v. Andrus*, 628 F.2d 1185, 1189 (9th Cir.1980), *cert. denied*, 450 U.S. 996, 101 S.Ct. 1700, 68 L.Ed.2d 197 (1981) (finding failure to object bars appeal). *But see Martinez v. Ylst*, 951 F.2d 1153, 1156 & n. 4 (9th Cir.1991) (finding *McCall* and *Britt* reconcilable).

(5th Cir.1989); *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.1991); *Niehaus v. Kansas Bar Ass'n,* 793 F.2d 1159, 1164–65 (10th Cir. 1986); *Charter Oil Co. v. American Employers' Ins. Co.,* 69 F.3d 1160, 1171–72 n. 4 (D.C.Cir.1995); *see Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986) (announces rule for nondispositive orders and legal recommendations on dispositive motions in considering recommendation regarding preliminary injunction); *see also ICA Constr. Corp. v. Reich,* 60 F.3d 1495, 1499 n. 10 (11th Cir.1995) (waiver under Rule 72 "likely").

As the Tenth Circuit stated in *Niehaus,* "[b]y failing to file timely objections to the magistrate's discovery order, appellants not only stripped the district court of its function of effectively reviewing the magistrate's order, but also frustrated the policy behind the Magistrate's Act, i.e., to relieve courts of unnecessary work and to improve access to courts." 793 F.2d at 1165 (quoted by *United Steelworkers,* 828 F.2d at 1007).

We further note that the Supreme Court adopted a similar rationale in holding that the courts of appeals may, in the exercise of their supervisory rule-making power, deny appellate review for failure to object to a magistrate judge's legal recommendations on a dispositive motion. *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 474–75, 88 L.Ed.2d 435 (1985). The Court observed that Sixth Circuit case law requiring the filing of objections to preserve the right to appellate review both of factual findings and of legal conclusions regarding a dispositive motion is supported by "sound considerations of judicial economy." *Id.* at 147, 106 S.Ct. at 471.

> The Sixth Circuit's rule, by precluding appellate review of any issue not contained in objections, prevents a litigant from "sandbagging" the district judge by failing to object and then appealing. Absent such a rule, any issue before the magistrate would be a proper subject for appellate review. This would either force the court of appeals to consider claims that were never

reviewed by the district court, or force the district court to review every issue in every case, no matter how thorough the magistrate's analysis and even if both parties were satisfied with the magistrate's report. Either result would be an inefficient use of judicial resources. In short, "[t]he same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before the district court applies here." *United States v. Schronce,* 727 F.2d 91, 94 (CA 4) (footnote omitted), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

*Id.* at 147–48, 106 S.Ct. at 471.

 In this case, Simpson forfeited his right to appeal the order imposing sanctions in an undetermined amount because he failed to file any paper challenging the order with the district judge. Regarding the order setting the sanctions at $10,000, while Simpson did not file objections or a motion for reconsideration with the district judge, he did complain about the amount of the sanctions imposed on him in a stipulation filed by the parties on February 2, 1994.[3] We stated in *McKeever* that where a *pro se* litigant submits a letter expressing disapproval of a magistrate judge's adverse ruling on a nondispositive matter within the allotted time period, we will deem the letter a motion for reconsideration so long as it reasonably apprises the district court that the magistrate judge's ruling is being contested. 932 F.2d at 799. Holding that the letter before it could not be deemed a motion for reconsideration, we noted, among other things, that the letter referred to a later filing which never materialized that was to contain arguments and documentation regarding the inappropriateness of the magistrate judge's order. The letter also did not specifically request review of the magistrate judge's decision.

Here, Simpson's complaint about the amount of sanctions is not contained in a document filed for the purpose of seeking review of the order setting sanctions, but rather in one that was prepared and filed to establish the issues for decision with regard

**3.** Lear concedes that this was within the ten-day period following service of the order setting the amount of sanctions.

to Lear's motion for further sanctions. As such, it did not put the district judge on notice that Simpson sought to contest the amount of sanctions. Perhaps more importantly, Simpson's discussion of the sanctions orders in the stipulation also fails to request specifically that the district judge review the magistrate judge's decision. Like the letter in *McKeever*, Simpson's statement contains only conclusory allegations. Moreover, it concedes that the magistrate judge was within her authority in awarding sanctions. Understandably, Simpson's statement in the stipulation was not treated as an objection to the magistrate judge's order by the district judge and we will not treat it as such here. Accordingly, we find that Simpson forfeited his right to appeal both of the discovery sanctions orders by failing to file objections with the district judge.

II. *The Order Granting Summary Judgment*

■ We have jurisdiction to review the district court's order granting summary judgment. A final judgment was entered in this case on March 22, 1994 and Simpson timely appealed. The district court had jurisdiction over Simpson's claims under 31 U.S.C. section 3732(a) and this Court has jurisdiction pursuant to 28 U.S.C. section 1291. A district court's entry of summary judgment is reviewed *de novo*. *Jones v. Union Pacific R.R.*, 968 F.2d 937, 940 (9th Cir.1992).

Simpson, however, has assigned no error to the district court regarding its order granting summary judgment. In his opening brief on appeal, Simpson does not discuss the order granting summary judgment, but rather focuses exclusively on the magistrate judge's discovery sanctions orders. On the first page of his brief, Simpson does list four

sections of the district court's order granting summary judgment as "issues presented for review," but does not suggest what errors the district court may have committed. The Table of Contents of Simpson's opening brief states that these issues will be taken up in Section V.B. The brief, however, contains no Section V.B.

■ In his reply brief, Simpson argues only that the district court erred in failing to grant him an extension of time within which to oppose Lear's motion for summary judgment. This decision was not part of the order granting summary judgment, but was contained in an order filed on March 17, 1994 and entered on March 21. Because Simpson did not mention this order in his notice of appeal, it is not subject to review by this Court.[4]

■ By failing to assign any specific error to the district court, Simpson abandoned his appeal of the order granting summary judgment. This Court "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.1985). We have discretion to consider improperly presented claims of error where the appellee is not misled and the issue has been fully explored. *Id.* at 1404 n. 4 (citing *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1332 (9th Cir.1981)). This is not the case here. Although he was given the opportunity both before the district court and on appeal, Simpson never has explained or supported his allegations that Lear has made false claims to the government.

4. Simpson's notice of appeal states that he is appealing only the "order to pay attorney fees" and "the order granting summary judgment." As we have observed above, even if a notice of appeal contains a mistake, if the intent to appeal a specific order can fairly be inferred and the appellee is not prejudiced or misled, an appeal may lie. *One 1977 Mercedes Benz*, 708 F.2d at 451. Here, however, even if we were willing to infer that Simpson's designation of the summary judgment order was meant to include all orders associated with the eventual ruling in Lear's favor, we cannot conclude that such a broad reading of the notice of appeal would not prejudice Lear. Not only did Simpson's notice fail to put Lear on notice that he would contest the order denying his request for an extension, but Simpson did not even raise this issue in his opening brief on appeal. Rather, he waited until his reply to contest the order, giving Lear no opportunity to respond.

### III. The Denial of Rule 11 Sanctions

 Rule 11 [5] provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose. *Warren v. Guelker,* 29 F.3d 1386, 1388 (9th Cir.1994). Reasonable attorneys' fees and expenses may be awarded under the False Claims Act when a claim is clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment. 31 U.S.C. § 3730(d)(4). In Rule 11 cases, appellate courts review findings of historical fact under the clearly erroneous standard, the determination that counsel violated the rule under a *de novo* standard, and the choice of sanction under an abuse of discretion standard. *Id.* (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 399, 110 S.Ct. 2447, 2457–58, 110 L.Ed.2d 359 (1990)). The same standards appear to be appropriate in the review of decisions on whether to impose sanctions under section 3730(d)(4).

The district court in this case chose not to impose sanctions, stating in its March 21, 1994 summary judgment order that, "This Court finds that sanctions are not warranted against plaintiff, Raymond Simpson, acting in propria persona pursuant to Fed.R.Civ.P. 11 and 31 U.S.C. § 3730(d)(4)." This decision appears to have led the district court to choose not to award Lear attorneys' fees in the final order and judgment in this case.

 At the hearing on the summary judgment motion, the district judge stated that he was disinclined to impose sanctions against Simpson because of his *in propria persona* status. In particular, the district judge noted that this Court was not sympathetic to sanctions against *pro se* litigants. Since the time when the district judge made these observations, however, we ruled in *Warren* that in considering a Rule 11 motion, a district court must find whether a violation in fact has taken place. 29 F.3d at 1389.

The *Warren* court also held that while a district court can properly consider a plaintiff's *pro se* status in assessing sanctions, it cannot decline to impose any sanction where a violation has arguably occurred simply because the plaintiff is proceeding *pro se*. *Id.* at 1390.

Here, the record does not reflect the district court's reasons for deciding not to award sanctions other than perhaps Simpson's *pro se* status. Because such a reasoned basis is necessary to make appellate review meaningful, *id.,* we vacate the district court order denying Rule 11 and section 3730(d)(4) sanctions, and remand so that the district court can make its determination in accord with *Warren*.

### CONCLUSION

For the foregoing reasons, Simpson's appeal of the magistrate judge's orders granting discovery sanctions against Simpson and setting them at $10,000 and his appeal of the district court's order granting summary judgment are DISMISSED. To the extent that the district court's summary judgment order denies sanctions against Simpson under Rule 11 and 31 U.S.C. section 3730(d)(4), it is VACATED and REMANDED for further findings or proceedings in light of *Warren*.

---

**5.** Lear seeks Rule 11 sanctions based on Simpson's filing and pursuit of a frivolous lawsuit, presumably based on Simpson's signing of the original and amended complaints. Simpson signed and filed these documents prior to the effective date of the 1993 amendment to Rule 11. Faced with similar circumstances, however, we recently chose to apply the amended version of Rule 11 because its grant of discretion to the district court renders it more favorable to the party against whom sanctions are being sought. *Warren v. Guelker,* 29 F.3d 1386, 1389 n. 1 (9th Cir.1994). Application of the new rule is thus called for here.