87 F.3d 1326
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Doris ZEEVI, an individual,
Plaintiff-Third-Party-Cross-Defendant-Appellant,
v.
MICHIGAN MILLERS MUTUAL INSURANCE COMPANY, a Michigan
corporation, Defendant-Third-Party-Plaintiff-Appellee,
and
Segula Lopatin, an individual,
Third-Party-Defendant-Third-Party-Cross-Complainant.
 No. 94-56610.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided June 7, 1996.
 
 1
 Before: SCHROEDER and LEAVY, Circuit Judges, and TRIMBLE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Plaintiff-appellant Doris Zeevi ("Zeevi") appeals from the district court's grant of summary judgment in favor of defendant-appellee Michigan Millers Mutual Insurance Company ("Michigan Millers") in Zeevi's action for, inter alia, breach of the insurance contract and the implied covenant of good faith. Zeevi argues that she set forth specific facts raising a triable issue as to whether a covered theft had occurred.
 
 
 4
 While the insurance contract issued by Michigan Millers covered losses due to theft, it excluded losses caused by the wrongful acts of business partners. Zeevi failed to set forth specific facts raising an issue for trial as to whether the goods were stolen by some third party. In the absence of specific evidence, the bald allegations that neither Zeevi nor her partner took the missing merchandise, and the speculative contention that a theft was committed by a third party, are not sufficient to defeat a properly supported motion for summary judgment. See Fed.R.Civ.P. 56(e); Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989); Nilsson, Robbin, et al. v. Louisiana Hydrolic, 854 F.2d 1538, 1542-45 (9th Cir.1988) (citations omitted).
 
 
 5
 Zeevi has waived the issue of whether the district court erred in concluding that the partnership had not been terminated at the time the merchandise was taken because she failed to raise it in her opening brief. See Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1176 (9th Cir.1996).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable James T. Trimble, Jr., United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3