113 F.3d 1241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sam MONET, Plaintiff-Appellant,
v.
STATE OF HAWAI'I; United States of America, Defendants-Appellees.
 No. 96-16417.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1997.*
Decided May 12, 1997.
 
 Before: NORRIS, HALL, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sam Monet appeals the judgment on the pleadings in and dismissal of his various claims against the United States and the State of Hawaii under the Native American Graves Protection and Repatriation Act, 25 U.S.C. §§ 3001-3013 ("NAGPRA"). We affirm.
 
 
 3
 Monet's claims arise from the discovery of ancient Native Hawaiian human remains and funerary objects at the Mokapu peninsula in the Kaneohe Marine Corps Air Station in Hawaii. Fifteen individuals and organizations, including Monet, have filed claims for repatriation of the remains and objects under NAGPRA.
 
 I. Claims against the State of Hawaii
 
 4
 The district court dismissed Monet's claims against the State of Hawaii on Eleventh Amendment grounds. We agree. An individual generally cannot sue a state without its consent in federal court. See Seminole Tribe v. Florida, 116 S.Ct. 1114, 1122-23 (1996). Monet claims that Hawaii has consented to suit because the Office of Hawaiian Affairs ("OHA")--an independent state agency--has made a claim for repatriation of the human remains in the administrative proceedings. While a state might waive its immunity by appearing voluntarily in court to make a claim, see Clark v. Barnard, 108 U.S. 436, 447 (1883), courts have generally been unwilling to find a waiver unless the state has unequivocally indicated that it intends to submit to federal jurisdiction. Atascadero State Hospital v. Scanlon, 473 U.S. 239, 238-39 n. 1 (1985). Under this standard, the intervention of an independent agency of state government in an administrative proceeding does not waive Hawaii's Eleventh Amendment immunity in this separate action.
 
 
 5
 Monet also appeals the district court's refusal to allow him to join as additional defendants the trustees and director of the OHA. Even assuming that Monet has standing to challenge OHA's status as a claimant under NAGPRA and that the Eleventh Amendment does not protect these defendants as well, the claims, like those against the United States, would not have been ripe, for the reasons discussed below. The district court did not err in declining to add these defendants.
 
 II. Claims against the United States
 
 6
 The district court granted judgment on the pleadings in favor of the United States on Monet's claim that the Marine Corps lacked authority to determine the proper recipient of the remains and funerary objects because of inadequate expertise. Under NAGPRA, the federal agency in control or possession of the disputed items has authority to make such decisions. See 25 U.S.C. §§ 3003, 3005. The act defines federal agency as any "department, agency or instrumentality of the United States." § 3001(4). The district court did not err in determining that the Marine Corps is a federal agency within this definition, and correctly granted judgment on the pleadings on this point. The agency's expertise is not a relevant factor under NAGPRA.
 
 
 7
 The district court also dismissed Monet's remaining claims against the United States for failure to exhaust administrative remedies and lack of ripeness. The Marine Corps has not yet finally determined which of the competing claimants is entitled to receive the remains and funerary objects. As a result, there is no final agency action, and Monet has not exhausted his administrative remedies, as required under the regulations implementing NAGPRA. See 43 C.F.R. § 10.15(c). For similar reasons, Monet's claims about conducting DNA studies on the remains, access to the military base, the costs of reinterment, and the qualification of certain other claimants--which the Marine Corps has not yet addressed--are not ripe for judicial decision.
 
 
 8
 Monet also challenges on appeal certain nondispositive pretrial orders by the magistrate judge, but he did not object to them before the district court. As a result, we need not address them. See Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir.1996). In any event, the magistrate judge appears to have decided the motions correctly.
 
 
 9
 The decision of the district court is therefore AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3