**Anthony RUTLEDGE, a trustee of and participant in the Hotel Union & Hotel Industry of Hawaii Pension Plan (the "Plan"), individually & as a class representative of all participants & beneficiaries of the Plan, Plaintiff–Appellant,**

v.

**George BERISH, an individual; Buck Consultants, Inc., a corporation; Cherlyn Logan; Marsha Azuma; Mary Lee Sharp, Trustee of the Plan, Defendants–Appellees.**

No. 99–16813.

D.C. No. CV–98–00234–SOM/BMK.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2001.*

Decided March 12, 2001.

Before B. FLETCHER, FERNANDEZ, and PAEZ, Circuit Judges.

### MEMORANDUM **

Anthony Rutledge appeals the district court's judgment dismissing his complaint pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure because of his continued failure to participate fully in the discovery process. We affirm.

A motion to compel filed by opposing counsel is not a prerequisite to dismissal sanctions under Rule 37(b)(2). *Prof'l Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1474 (9th Cir.1984); *see also Payne v. Exxon Corp.*, 121 F.3d 503, 509–10 (9th Cir.1997).

Rutledge failed to comply with a court order compelling discovery and his failure to comply was done willfully. *See* Fed.R.Civ.P. 37(b); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir.1993); *Fjelstad v. Am. Honda Motor Co. Inc.*, 762 F.2d 1334, 1337 (9th Cir.1985). The sanction was after ample warnings and consideration and implementation of lesser sanctions.[1] Under the circumstances, the dismissal sanction was not unduly harsh. *Malone v. United States Postal Serv.*, 833 F.2d 128, 130–32 (9th Cir.1987). The district court did not abuse its discretion. *Id.* at 130.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. While Rutledge grumbles about the prior orders and warnings issued by the magistrate-judge, he did not object to them in a timely fashion and may not do so now. *See* Fed. R.Civ.P. 72(a); *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1173–74 & n. 1 (9th Cir.1996).