Vernon D. CLAUSING, husband; Cleo Clausing, wife, Plaintiffs–Appellants,

v.

KING COUNTY; King County Department of Public Safety; Norm Maleng, King County Prosecutor; Tami Perdue, King County Deputy Prosecuting Attorney; Eleanor Broggi, King County Police Officer; Marlon Hoyle, King County Police Officer; Sheryl Macdonald, King County Police Officer; Ross Nooney, King County Police Officer, Defendants–Appellees.

No. 00–35044.

D.C. No. CV–98–01026–MJP.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2001.\*.

Decided Aug. 1, 2001.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before ALARCON, FERNANDEZ, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Cleo Clausing appeals the district court's summary judgment against her in her 42 U.S.C. § 1983 action against King County and the King County Department of Public Safety. She alleged that the seizure of her real property deprived her of her due process rights.[1] We affirm.

Clausing asserts that members of the Drug Enforcement Unit of the King County Sheriff's Department improperly seized real property in which she had an interest, without providing for a pre-seizure notice and hearing. *See United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 62, 114 S.Ct. 492, 505, 126 L.Ed.2d 490 (1993). For that alleged wrong, she sought to maintain a 42 U.S.C. § 1983 action against the County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978); *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992). However, Clausing failed to support her assertions with evidence that was sufficient to permit a judgment in her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986); *Gillette*, 979 F.2d at 1346–47. We recognize that Clausing did attempt to place evidence of one other incident before the district court. However, that was not until she filed a petition for reconsideration, and the district court was not required to consider the

new evidence at that time, nor need we consider it now. *See Christie v. Iopa*, 176 F.3d 1231, 1239 n. 5 (9th Cir.1999). At any rate, two incidents do not a custom make. *See Meehan v. County of Los Angeles*, 856 F.2d 102, 106–07 (9th Cir.1988); *see also Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996). The district court did not err.[2]

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In the district court her husband, Vernon Clausing, also brought the action. He, however, does not join in this appeal.

2. Clausing also argues that her Fourth Amendment rights were violated. However,

her attempt to amend her complaint to allege that claim was rejected by the magistrate judge, and her failure to bring that nondispositive order to the attention of the district court in a timely fashion waived the issue. *See* Fed.R.Civ.P. 72(a); *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1173–74 (9th Cir.1996). We will not consider it.