**UNITED STATES of America,
Plaintiff,**

**v.**

**Sean W. TURVIN, and Corina L. Cunningham, Defendants.**

**No. 3:06–cr–00043 JWS.**

United States District Court, D. Alaska.

July 20, 2006.

---

39. *Id.*

David A. Nesbett, U.S. Attorney's Office, Anchorage, AK, for Plaintiff.

Michael D. Dieni, Federal Public Defender's Agency, Lance C. Wells, Law Offices of Lance C. Wells, P.C., Anchorage, AK, for Defendants.

### ORDER FROM CHAMBERS

SEDWICK, District Judge.

## I. MOTION PRESENTED

At docket 23, defendant Sean W. Turvin moved to suppress evidence obtained from a search conducted by Alaska State Troopers on November 20, 2005, near Kenai, Alaska. Co-defendant Corina L. Cunningham, who had been a passenger in Turvin's pick-up at the time it was stopped by Trooper Christensen, joined in the motion to suppress.[1] The magistrate judge conducted an evidentiary hearing on June 19, 2006. A transcript of the hearing was prepared and has been filed.[2] The motion was briefed, and the magistrate judge filed an initial report and recommendation at docket 50 recommending that the motion be granted as to both defendants. The United States filed timely objections to which both Turvin and Cunningham responded.[3] Magistrate Judge Roberts filed a final report and recommendation at docket 64 in which he continued to recommend that the motion be granted.

## II. STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[4] When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de novo* review of all conclusions of law,[5] and any findings of fact to which objections have been made.[6] Uncontested findings of fact are reviewed for clear error.[7]

## III. DISCUSSION

This court has reviewed the file including the transcript of the evidentiary hearing and applied the standard of review articulated above. Based thereon, this court finds no error in the magistrate judge's recommended findings of fact. This court also largely agrees with his application of the law to the facts, but finds it unnecessary to reach one of the issues addressed by the magistrate judge. Brief comments will elaborate this court's view.

First, it is clear that the outcome of Turvin's motion is controlled by the decision in *United States v. ChavezValenzuela*[8] just as Judge Roberts explained in his report. This court also concludes that the magistrate judge correctly recommended that the United States waived its right to raise an issue about Cunningham's stand-

---

1. Doc. 26.

2. Doc. 49.

3. Docs. 51, 52, and 57.

4. 28 U.S.C. § 636(b)(1).

5. *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir.1989), *overruled on other grounds by* *Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174 (9th Cir.1996).

6. 28 U.S.C. § 636(b)(1).

7. *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir.1992).

8. 268 F.3d 719 (9th Cir.2001).

ing for the first time in its objection to the initial report and recommendation. In addition to the discussion of this issue by the magistrate judge, which is correct in all material respects, this court adds that by waiting until after the hearing, counsel for the United States eliminated the incentive and opportunity to pursue potentially relevant factual details at the evidentiary hearing. Because this court, like the magistrate judge, concludes that the waiver by the government is sufficient to bring Cunningham's request to suppress the evidence within the analytical framework of *Chavez–Valenzuela*, it is unnecessary for this court to reach the alternative conclusion recommended by the magistrate judge which is that Cunningham actually did have standing.

Subject to the above, this court adopts the findings and conclusions recommended by Magistrate Judge Roberts.

## IV. CONCLUSION AND ORDER VACATING THE DATES SET FOR FINAL PRE–TRIAL CONFERENCE AND TRIAL BY JURY

Based on the discussion above, Turvin's motion to suppress at docket 23 and Cunningham's joinder in the request to suppress at docket 26 are **GRANTED.**

It seems obvious that without the evidence that has been suppressed, the United States cannot proceed to trial. Accordingly, the dates for the final pre-trial conference and trial by jury are hereby **VACATED.** However, because the decision on whether to proceed rests with the United States, not the court, counsel for the United States may file a notice advising the court that it will proceed to trial without the suppressed evidence, provided that such notice must be filed not later than **July 26, 2006.** If a timely notice is

filed, the court will re-instate the August 14, 2006, final pre-trial conference and trial date.

## FINAL RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS

ROBERTS, United States Magistrate Judge.

The United States has timely filed objections to the magistrate judge's Recommendation regarding defendants' motion to suppress evidence. Docket No. 51. Defendants Turvin and Cunningham filed replies to the objections at Docket Nos. 57 and 52, respectively. Upon due consideration of the objections the magistrate judge declines to modify the recommendation. However, a few comments regarding the new pleadings appear appropriate.

■ The government attempts to distinguish the present case from the Ninth Circuit's decision in *United States v. Chavez–Valenzuela*, 268 F.3d 719 (9th Cir. 2001). The government contends that Turvin's consent to search his vehicle was voluntary. Chavez–Valenzuela also consented to the search of his vehicle, but that did not render the search lawful because it was obtained during an extended and an unlawful detention arising from a traffic stop. The voluntariness of Turvin's consent to search is not a determining factor.

The government argues that the magistrate judge has misapplied the law to the evidence based upon an "error" in the interpretation of the evidence.[1] Whether Trooper Christiansen observed the speaker box in the vehicle box before or after he asked Turvin about drugs and to search the truck makes no difference. There was nothing suspicious about the speaker box. Officer Christiansen was asked if he saw

---

**1.** The government never moved to reopen the     evidentiary hearing.

anything in the vehicle that would have indicated a methamphetamine lab and he indicated that he had not. Transcript of Suppression Hearing (hereinafter Tr.), p. 43. The trooper admitted in his testimony that there was nothing about the speaker box that made it look like a meth lab. Tr. 103. Trooper Christiansen explained on re-direct examination that a rolling meth lab could be contained in any small container. Tr. 102.

As the Recommendation concluded the traffic stop of Turvin and his passenger Cunningham was extended or prolonged because of the comments by late arriving Trooper Powell who advised Trooper Christiansen of a prior police contact with Turvin involving a rolling meth lab. Although Trooper Christiansen had been writing traffic tickets to Turvin and Christiansen (for not wearing a seat belt),[2] he stopped his ticket-issuing process and used a tape recorder solely for the purpose of asking Turvin about drugs and for a consent to search his vehicle. Normally, an officer engaged in a traffic stop will not use a tape recorder. Tr. 25. The magistrate judge reaffirms his finding that the police prolonged the otherwise lawful detention of Turvin and his passenger on grounds for which they did not have reasonable suspicion for doing so. Reasonable suspicion "requires specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that a particular person is engaged in criminal conduct." *United States v. Thomas*, 211 F.3d 1186, 1189 (9th Cir. 2000).

The government argues in its objections for the first time that Cunningham lacks standing to object to the suppression of evidence. It is undisputed that the truck was being driven by Turvin, and Cunning-

ham was a passenger. The government argues that Cunningham lacked a reasonable expectation of privacy in the vehicle to make a Fourth Amendment challenge to the search of the truck. The government offers no authority permitting it to raise a legal argument for the first time in objections to the Recommendation. The government filed a written opposition to the motion to suppress and did not oppose the joinder by defendant Cunningham. The government did not raise standing before or during the presentation of evidence at the suppression hearing. Nor did the government argue standing in its summation after the evidence was closed. Legal arguments not made when the issue is presented are waived in the absence of extraordinary circumstances which are not here alleged. An argument based on standing is not jurisdictional and may be waived. *United States v. DeLuca*, 269 F.3d 1128, 1135 (10th Cir.2001).

The government cites *United States v. Twilley*, 222 F.3d 1092, 1095 (9th Cir.2000) wherein the court held that Twilley, as a passenger, had no reasonable expectation of privacy in a car that would permit his Fourth Amendment challenge to the search of the car. In *Twilley* the court explained further that while the passenger did not have standing to challenge the search directly, if he could establish that the initial stop of the car violated the Fourth Amendment, then the evidence that was seized as a result of that stop would be subject to suppression as "fruit of the poisonous tree." *Id.*

The facts and arguments in the instant case are somewhat different than *Twilley*. Cunningham joined in Turvin's (the driver's) motion to suppress on the grounds set forth in Turvin's Memorandum of

---

**2.** Failure to wear a seat belt is a minor infraction punishable by a fine of Fifteen Dollars ($15.00). AS 28.05.095(a)(2) and AS 28.05.099(a).

Points and Authorities. *See* Joinder at Docket No. 26. In his motion to suppress Turvin challenged the stop of the vehicle as lacking probable cause. Cunningham's interests were affected by the stop of the vehicle and under *Twilley* she has standing to challenge that stop, and if the stop is illegal to have the evidence excluded as fruit of the poisonous tree. While the traffic stop of the vehicle was lawful the motion to suppress also challenged the authority of the police to search the vehicle as well as the continued and extended detention of persons in the vehicle. Neither Turvin or Cunningham were free to leave at the time Trooper Christiansen confronted Turvin about drugs.

I conclude that Cunningham also has standing to challenge the lawfulness of the extended detention consistent with the *Twilley* analysis. *See United States v. Kimball,* 25 F.3d 1, 5 (1st Cir.1994)(Investigatory stop of a vehicle subjects all occupants to a Fourth Amendment "seizure."), cited in *Twilley,* 222 F.3d at 1095; *United States v. DeLuca,* 269 F.3d 1128, 1132 (10th Cir.2001). She not only seeks derivative standing but asserts standing in her own right because she too was detained beyond merely receiving a traffic ticket while the police conducted a new search as part of their investigation into alleged drug activity. Cunningham was told to exit the vehicle and was not free to leave. She was cited for failure to wear a seat belt but arrested for a drug offense based in part on her proximity to the contraband found in the sippy cup in the vehicle. A search of her person was dependent upon a lawful search incident to arrest. If the search of the vehicle is suppressed as to her then her search subsequent to her arrest revealing the cash and zip-lock bag with suspected methamphetamine must also be suppressed.

For the foregoing reasons Turvin's Motion to Suppress and joinder by co-defendant Cunningham should be granted. The motion is now forwarded to the assigned district judge for his determination.

July 18, 2006.