**Keith JAMERSON, Plaintiff—Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant—Appellee.**

No. 04–17035.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 28, 2006.

Keith Jamerson, Jamestown, CA, pro se.

Katherine R. Loo, Esq., San Francisco, CA, for Defendant-Appellee.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Keith Jamerson appeals pro se from the district court's order affirming the denial of his 1994 application for supplemental security income. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's decision upholding the Commissioner's denial of benefits. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir. 1999). We must uphold the Commissioner's decision if it is supported by substantial evidence and free of legal error. *Rollins v. Massanari,* 261 F.3d 853, 856 (9th Cir.2001). We affirm.

Jamerson contends he was denied due process when the Commissioner terminated without notice the benefits Jamerson was receiving pursuant to a 1987 application. The district court properly rejected this contention because the instant proceedings concern a 1994 application and there is no evidence in the record of a 1987 application. As a result, Jamerson failed to demonstrate a protected property interest, and thus, failed to establish a due process violation. *See Mathews v. Eldridge,* 424 U.S. 319, 332–33, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

Moreover, Jamerson's contention that the administrative law judge ("ALJ") should have considered evidence of his medical condition prior to 1994 is unavailing because Jamerson points to no evidence in the record that the ALJ disregarded.

By failing to challenge any other aspect of the Commissioner's decision to deny benefits regarding his 1994 application, Jamerson has waived the issues. *See Simpson v. Lear Astronics Corp.,* 77 F.3d 1170 (9th Cir.1996) ("This Court will not

ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." (internal quotation and citation omitted)).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

