FILED

NOT FOR PUBLICATION

JUL 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD MADDOX; et al., | No. 09-15321 |
| Plaintiffs - Appellants, | D.C. No. 2:06-cv-00072-GEB-EFB |
| v. | |
| COUNTY OF SACRAMENTO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted June 14, 2010
San Francisco, California

Before: RYMER and FISHER, Circuit Judges, and PALLMEYER, District Judge.[**]

Tien Hong Vo, Thong Vo, Ngau Thi Nguyen, Sonia Luong (collectively, the

Vos), Richard Maddox, and Karen Alexandrou appeal the district court's grant of

summary judgment for the County of Sacramento and several employees of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Rebecca R. Pallmeyer, United States District Judge for the Northern District of Illinois, sitting by designation.

County's District Attorney's (DA) office.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Maddox and Alexandrou lack standing for their employment claims because their injuries are not "fairly traceable" to the actions of any named defendant.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  While Maddox and Alexandrou were reassigned in order to facilitate a better working relationship with the DA's office, none of the named defendants had authority over employment decisions within the Code Enforcement Division.  *See Pritikin v. Dep't. of Energy*, 254 F.3d 791, 798 (9th Cir. 2001) (holding that plaintiffs did not have standing because they did not sue the "party with the clear ability to act").

Contrary to the Vos' submission, the district court did not determine that they were barred from bringing their California Fair Employment and Housing Act (FEHA) claim because they did not first file a government tort claim pursuant to California Government Code § 945.4.  Rather, the court dismissed the California Unruh Civil Rights Act claims, California Civil Code § 53 claims, and twelve state tort claims for failure to file a government tort claim – but not the FEHA claim.

Nor did the district court determine that the prosecutors were entitled to absolute immunity with regard to the investigation of the Vos' property, as the Vos contend; the court resolved those claims on other grounds.  To the degree the Vos

-2-

argue that absolute immunity does not extend to Natalia Luna's decision to initiate criminal proceedings against the Vos, we disagree. The initiation of a prosecution is a decision that is "intimately associated with the judicial phase of the criminal process," and Luna is absolutely immune from liability arising out of that decision. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

The Vos' generalized objections to inspecting the property on October 27 do not raise a genuine issue of material fact in light of specific declarations by Captain Cooper, Lieutenant To, and Inspector Weikel that Nguyen consented to inspection of the property. *See* Fed. R. Civ. P. 56(e)(2) ("[A]n opposing party may not rely merely on allegations or denials . . . ; rather, its response must . . . set out specific facts showing a genuine issue for trial."); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 664 (9th Cir. 1999) (holding that "vague claims" cannot generate a factual dispute "adequate to defeat summary judgment"). Neither does the fact that Alexandrou did not *see* Cooper and To speaking with Nguyen and Thong show that they did not actually talk.

The Vos proffered no evidence that they were treated differently from similarly situated property owners. Maddox's conclusory opinion is insufficient to create a triable issue on whether the District Attorney's office targeted group homes used by mentally disabled persons. Accordingly, they cannot make out an

equal protection claim for selective prosecution. *See United States v. Lee*, 786 F.2d 951, 957 (9th Cir. 1986) ("To establish impermissible selective prosecution, a defendant must show that others similarly situated have not been prosecuted and that prosecution is based on an impermissible motive.").

Finally, the Vos claim summary judgment was inappropriate because they lacked the opportunity to complete discovery. However, the point is not preserved as they failed to object to the magistrate judge's order denying their motion to compel discovery. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."); *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1173-74 (9th Cir. 1996). Nor did they move for a continuance under Federal Rule of Civil Procedure 56(f), or suggest in their opposition to summary judgment that more discovery was necessary. In these circumstances we see no abuse of discretion. *Cf. Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990) ("The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary judgment." (internal citations omitted)).

AFFIRMED.