**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENNY ENRIQUEZ, JR. and LORI K. ENRIQUEZ, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> AURORA LOAN SERVICES, LLC, <br><br> Defendant - Appellee. | No. 11-16864 <br><br> D.C. No. 1:10-cv-00281-SOM-KSC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Submitted February 12, 2013[**]
Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Appellants Benny and Lori Enriquez appeal the district court's dismissal of

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

their complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and denial of their motion for leave to amend.

1. We review the granting of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 619 (9th Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Aurora was the only defendant named in the original complaint. To the extent the complaint alleged misconduct attributable to Aurora, its allegations were conclusory. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ("Mere conclusory statements in a complaint and 'formulaic recitation[s] of the elements of a cause of action' are not sufficient." (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Because the complaint lacked factual content from which the court could infer that Aurora was liable for the misconduct alleged, the district court correctly granted the motion to dismiss. *Iqbal*, 556 U.S. at 678.

2. Generally, "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made."

2

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (per curiam). The general rule, however, "does not extend to cases in which any amendment would be an exercise in futility, *or where the amended complaint would also be subject to dismissal*." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (emphasis added) (citations omitted). A motion for leave to amend is nondispositive and therefore may be referred to a magistrate judge. *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 & n.1 (9th Cir. 1985), *superseded in part by rule on other grounds as recognized in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996); *see also* 28 U.S.C. § 636(b)(1)(A). The district court did not err by referring the motion for leave to amend.

3. We review the denial of leave to amend for abuse of discretion. *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1105 (9th Cir. 2012).

The proposed amended complaint did not state facts sufficient under the *Iqbal* and *Twombly* standard to invoke federal jurisdiction. Its bare references to three federal statutes were conclusory and insufficient to raise a federal question. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions . . . will not do." (internal quotation marks omitted)). The portion of the complaint listing the Enriquezes' claims cited only one federal statute: 15 U.S.C. § 1802. That

3

statute defines terms used in a chapter of Title 15 that is dedicated to newspaper preservation and does not create a federal claim. *See* 15 U.S.C. § 1801.

As to diversity jurisdiction, the proposed amended complaint did not contain a damages request and therefore did not plead facts sufficient to satisfy the amount in controversy requirement. 28 U.S.C. § 1332(a). With respect to citizenship, reasonable inferences are drawn in the Enriquezes' favor. *See Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (per curiam). It is reasonable to infer that the Enriquezes are citizens of Hawaii, based on their residence there. But it is not reasonable to infer that a limited liability company headquartered in Hawaii — Trinity Financial — does not have any members or owners in Hawaii, so the court could not have inferred complete diversity. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). For those reasons, the district court did not abuse its discretion in denying the Enriquezes' motion for leave to amend.

The Enriquezes had the opportunity to file a second motion for leave to amend, but did not do so. Given their decision to stand on their proposed amended complaint, *see WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc), the district court did not err by dismissing the action.

**AFFIRMED**.