**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES ARTHUR BATTLE, Jr., | No. 12-35517 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-05410-RSM |
| v. | |
| ALAN BAALAER, in his individual, personal and official capacity; OFFICER JOSH VIVETT, in his individual, personal and official capacity, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

James Arthur Battle, Jr., appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging Fourth Amendment violations.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Battle's claims alleging unlawful search and seizure because Battle failed to raise a genuine dispute of material fact as to whether defendants lacked reasonable suspicion to justify their actions or whether defendants' actions implicated the Fourth Amendment. *See United States v. Washington*, 490 F.3d 765, 769-70 (9th Cir. 2007) (discussing when an encounter with law enforcement implicates the Fourth Amendment); *Gallegos v. City of Los Angeles*, 308 F.3d 987, 990 (9th Cir. 2002) ("[T]he Fourth Amendment allows police to conduct a brief, investigatory search or seizure, so long as they have a reasonable, articulable suspicion that justifies their actions.").

The district court properly granted summary judgment on Battle's claims alleging unlawful arrest because Battle failed raise a genuine dispute of material fact as to whether the officers lacked probable cause. *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) ("Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested.").

The district court properly granted summary judgment on Battle's claims alleging excessive force because Battle failed to raise a genuine dispute of material fact as to whether defendants used any physical force against him. *See Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010) (discussing the elements of excessive force).

Battle waived his right to appeal the denial of his various nondispositive motions because he failed to file timely objections to the magistrate judge's orders. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.").

Contrary to Battle's contention, any error concerning failure to provide Battle with contemporaneous notice of the requirements to defeat summary judgment was harmless. *See Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1159-60 (9th Cir. 2013) (per curiam) (concluding that the district court's failure to provide contemporaneous *Rand* notice was harmless where the record, objectively viewed, showed that the prisoner knew and understood the information in the *Rand* notice).

Battle's contentions regarding the denial of his right to a jury trial and the district court's consideration of evidence are unpersuasive.

Defendants' motion to strike a portion of Battle's reply brief is denied.

**AFFIRMED.**