**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM GENE GALLAGHER, | No. 15-15680 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-02311-DJH |
| v. | |
| DENNIS KENDALL, Facility Health Administrator at ADOC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted September 13, 2016[**]

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

William Gene Gallagher, an Arizona state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment for defendant Kendall because Gallagher failed to raise a genuine dispute of material fact as to whether Kendall was deliberately indifferent to Gallagher's shoulder and arm pain. *See id.* at 1057-58 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to a prisoner's health or safety); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability).

We do not consider the district court's summary judgment for defendants Folertino and Parkerson because Gallagher did not address it in his opening brief, and Gallagher stated in his reply brief that he has limited his appeal to defendant Kendall.

Gallagher forfeited his right to appeal the denial of his motions to compel additional discovery responses because he failed to file timely objections to the magistrate judge's order. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned

2                                                                                    15-15680

forfeits its right to appellate review of that order.").

**AFFIRMED.**