**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BILL LEE, | No. 16-55752 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01170-BAS-WVG |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted April 12, 2018
Pasadena, California

Before: ROGERS,[**] BYBEE, and WATFORD, Circuit Judges.

The district court did not abuse its discretion by dismissing Bill Lee's case

for failure to prosecute after his counsel failed to pursue any action in the case for

six months. *See* S.D. Cal. Civ. R. 41.1(a); *Oliva v. Sullivan*, 958 F.2d 272, 274

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable John M. Rogers, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

(9th Cir. 1992). Lee's counsel stated that she did not take any action for six months because she was waiting for the magistrate judge to issue a Report and Recommendation after the judge denied her requests for an extension of time to file Lee's motion for summary judgment. That explanation did not justify counsel's lengthy period of inaction. Under Rule 72 of the Federal Rules of Civil Procedure, a magistrate judge must issue a Report and Recommendation only for rulings on case-dispositive motions. A motion for an extension of time to file a motion for summary judgment is not a case-dispositive motion, so the magistrate judge had no obligation to issue a Report and Recommendation. If counsel intended to seek review of the magistrate judge's order by the district judge, she was required to file objections within 14 days. Fed. R. Civ. P. 72(a). Counsel failed to do so, and we are therefore precluded from reviewing the merits of the magistrate judge's ruling on appeal. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

The district court did not abuse its discretion in determining that dismissal of the action without prejudice, rather than some less drastic sanction, was the appropriate response to counsel's inactivity. Local Rule 41.1(a) plainly states that "[a]ctions or proceedings which have been pending in this court for more than six months, without any proceeding or discovery having been taken therein during

such period, may, after notice, be dismissed by the court for want of prosecution, at the calling of a calendar prepared for that purpose by the clerk." S.D. Cal. Civ. R. 41.1(a). The district court properly provided notice to Lee's counsel that it was contemplating dismissal of the action and conducted a telephonic hearing on the matter. The court permissibly concluded that the explanation offered by Lee's counsel for allowing the case to languish for six months was inadequate to avoid dismissal under Local Rule 41.1(a).

**AFFIRMED.**