Frank MCCLAIN; Harley McClain, Plaintiffs–Appellants,

v.

George W. BUSH, Jr., Governor of Texas and Republican Candidate for President of the United States, individually and in his official capacity; et al., Defendants–Appellees.

No. 01–35373.

D.C. No. CV–00–00222–JDS.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002.[*]

Decided Jan. 25, 2002.

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

---

[*] The panel unanimously finds this case suitable for decision without oral argument, and denies plaintiffs' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM [**]

Frank McLain and Harley McLain appeal pro se the district court's dismissal of their 42 U.S.C. §§ 1983, 1985, and 1988 action for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo and may affirm on any ground supported by the record. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998). We affirm.

Because plaintiffs reside in Montana and North Dakota but did not allege a concrete harm caused by the out-of-state defendants, the district court properly dismissed these claims for lack of standing. *See Shaw v. Hunt*, 517 U.S. 899, 904, 116 S.Ct. 1894, 135 L.Ed.2d 207 (1996) (holding that a plaintiff lacks standing to challenge legislation created outside of plaintiff's district absent specific evidence of personal harm); *United States v. Hays*, 515 U.S. 737, 743–44, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995) (indicating that a generalized grievance against allegedly illegal governmental conduct is insufficient to provide standing).

The district court properly dismissed Harley McLain's claims against the North Dakota defendants because he failed to allege a concrete harm. *See Hays*, 515 U.S. at 743–44, 115 S.Ct. 2431. The district court properly dismissed Frank McLain's claims against the Montana defendants because the complaint was conclusory and did not adequately link defendants to causes of action. *See McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir.1996) (indicating that a complaint must make clear the connections between specific allegations and individual defendants).

Because any amendment of plaintiffs' complaint would be futile, dismissal with-

---

out leave to amend was appropriate. *See Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 339 (9th Cir.1996); *Barilla v. Ervin,* 886 F.2d 1514, 1522–25 (9th Cir.1989) (declaring constitutional Oregon's 20–day voter registration cut off), *overruled on other grounds, Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174 (9th Cir.1996).

Because plaintiffs fail to specifically challenge the remainder of the magistrate judge's findings and recommendation in their opening brief, these arguments are waived. *See Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 919 (9th Cir.2001) (holding that issues which are not specifically and distinctly argued and raised a party's opening brief are waived).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.