**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN G. POLESKY, doing business as Big Sky Insurance, doing business as Supplemental Benefits Association of Montana; and LEANN J. POLESKY, individually and as guardians ad litem for minor child, K.G.P,<br><br>    Plaintiffs - Appellants,<br><br>  v.<br><br>JOHN MORRISON, State Auditor and Commissioner of Insurance; JULIE GUNLOCK, Investigator, State Auditor and Commissioner of Insurance; ROBERTA CROSS GUNS, Special Assistant Attorney General, in her official and individual capacity; THE STATE OF MONTANA; DOES, 1 through 10,<br><br>    Defendants - Appellees. | No. 09-35124<br><br>D.C. No. 1:07-cv-00042-RFC-CSO<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

---

   *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 10, 2010[**]
Portland, Oregon

Before: THOMPSON, McKEOWN and PAEZ, Circuit Judges.

Steven G. Polesky and members of his family (collectively, "Polesky") appeal from the district court's dismissal of federal and state law claims against the State of Montana (the "State"), Montana Insurance Commissioner John Morrison, and other state officials sued in their official and personal capacities. Appellants also challenge the district court's grant of summary judgment to state investigators Michael Bloom and Julie Gunlock. We have jurisdiction under 28 U.S.C. § 1291 to review the final decision of the district court, and we affirm.[1]

Before turning to the issues raised on appeal, we note that a number of the arguments raised in Polesky's brief were never raised below and are therefore waived. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996)

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] We decline appellees' suggestion that we summarily affirm because of Polesky's failure to comply with the Federal Rules of Civil Procedure (FRAP) and Ninth Circuit Rules. We note, however, that Polesky's opening brief does not contain a summary of the argument, FRAP 28(a)(8), or an appropriate statement of the standard of review for each issue, FRAP 28(a)(9). Furthermore, it was unaccompanied by a separately bound excerpt of record (which must include copies of the relevant district court decisions and a notice of appeal). 9th Cir. R. 30-1.

(holding that a party who "fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order"). In particular, Polesky failed to object to the magistrate judge's order denying his motion to conduct discovery prior to the determination of the motion for summary judgment. Polesky further failed to object to the magistrate judge's failure to *sua sponte* grant him leave to amend his complaint. Finally, Polesky failed to object to having the case heard by the magistrate judge. Thus, all three of these arguments are waived. *Id.*

Polesky also argues that the district court should not have dismissed the State and state officers acting in their official capacities because the injunctive relief he sought against them—a public apology—was not barred by the Eleventh Amendment or, alternatively, because the State had waived sovereign immunity. These arguments are wholly misguided; the State and state officials were not dismissed because of Eleventh Amendment immunity.

Turning to those issues properly before us, we are unconvinced by Polesky's argument that the district court erred in dismissing the State and state officers sued in their official capacities as a result of Polesky's failure to respond to the State's motion to dismiss. Before dismissing an action for failure to comply with filing deadlines, a district court is required to weigh several factors, including: "(1) the

3

public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The district court properly identified this standard and did not abuse its discretion in applying it, especially in light of Polesky's ample opportunities to respond to the State's motion. Thus, we affirm the district court's dismissal of the State and the state officers sued in their official capacities. For the same reasons, we also affirm the district court's dismissal of Morrison sued in his personal capacity.

As to the grant of summary judgment to Bloom and Gunlock, Polesky has failed to raise any genuine issue of material fact that would render summary judgment inappropriate. Indeed, his opening brief fails to identify any evidence in the record that would support his claims, a deficiency only further exacerbated by his failure to submit any relevant excerpts of record. Nor can we identify any such evidence on an independent review of the record.

Notably, there is no affidavit by Polesky stating that he did not consent to Bloom and Gunlock entering the business or retrieving the records, nor is there any other evidence suggesting there was a lack of consent. Likewise, he did not

present an affidavit or any other evidence that Bloom or Gunlock engaged in any type of threatening or coercive actions to secure his consent.  Nor is there any evidence that Bloom or Gunlock had anything to do with the dissemination of the allegedly harmful press release other than Polesky's bald assertions in his briefs. We thus affirm the district court's grant of summary judgment to Bloom and Gunlock.

**AFFIRMED.**