**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLIFFORD GEORGE,<br><br>               Plaintiff - Appellant,<br><br>  v.<br><br>THOMAS W. EDHOLM, individually in his capacity as a MD; UNKNOWN MEDICAL STAFFS, individually in their capacity as RN nurses; GREY FREEMAN, individually in his capacity as a PD Officer; DARRELL JOHNSON, individually in his capacity as a PD Officer,<br><br>               Defendants - Appellees. | No. 08-56497<br><br>D.C. No. 2:06-cv-00200-JSL-AJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, District Judge, Presiding

Argued and Submitted October 7, 2010[*]

Pasadena, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.

Before:    WARDLAW and W. FLETCHER, Circuit Judges, and LYNN,[**]
District Judge.

Clifford George appeals the district court's decision denying his motion for summary judgment. We affirm in part and reverse in part.

George, who is incarcerated, appeared *pro se* in the district court. The district court adopted the magistrate judge's report recommending granting summary judgment to defendants-appellees. The court noted that it disagreed with the magistrate judge's decision to deem admitted a number of defendants' requests for admissions to which George had responded late. However, the court found that Fed. R. Civ. P. 72(a) precluded it from reviewing the magistrate judge's non-dispositive order because George had not timely objected to that order.

We disagree. Rule 72(a) was not intended to deprive the district court of jurisdiction, but rather to create a waiver rule that prevents parties from belatedly objecting to orders. *Thomas v. Arn*, 474 U.S. 140, 146 & n.4; *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 n.1 (9th Cir. 1996). Since a district judge can always revisit one of its own orders regardless of whether the parties have objected, subject to due process constraints, it can certainly review the magistrate judge's orders as well. *See* 12 Wright & Miller, Federal Prac. & Proc., §§ 3069,

[**]    The Honorable Barbara M. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

2

3070.1 (West 4th ed. 2010). Thus, the district court had the authority to overturn the magistrate judge's order.

We agree with the district court that the magistrate judge's order was clearly erroneous and that George should have been allowed to withdraw the deemed admissions.[1] Accordingly, we reverse and remand in order to allow George to do so. The court should then reevaluate the summary judgment motion.

The district court also adopted the magistrate judge's recommendation that Dr. Edholm and the nurses be dismissed from the case with prejudice because George had failed to serve them. There is some evidence in the record, however, that George did serve Dr. Edholm and the nurses. On remand, the district court should determine whether Dr. Edholm was properly served. If not, the district court should allow George to perfect service or should dismiss the complaint against Dr. Edholm without prejudice. Fed. R. Civ. P. 4(m). Since George has produced no evidence that the nurses violated his constitutional rights, however, we affirm the dismissal with prejudice as to the nurses.

Finally, we affirm the district court's grant of summary judgment to the defendants on the claims that the initial stop violated the Fourth Amendment. The officers had reasonable suspicion sufficient to detain George because he was in a

---

[1] We also agree that George's sworn complaint should serve as an affidavit.

3

high-crime neighborhood and fled upon spotting the officers. *Illinois v. Wardlow*, 528 US 119, 121 (2000). Because it is unclear from the record whether the police were aware of a signed search waiver when the officers searched George's mother's residence, however, we remand on the question of the constitutionality of the search of the apartment. *See United States v. Caseres*, 533 F.3d 1064, 1075-76 (9th Cir. 2008).

The panel retains jurisdiction over future appeals. Defendants-Appellees shall pay costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED.**