**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODNEY T. JELINEK, as trustee of the David L. Caplan Revocable Trust; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CAPITAL RESEARCH AND MANAGEMENT CO.; AMERICAN FUNDS DISTRIBUTORS, INC., <br><br> Defendants - Appellees. | No. 10-55221 <br><br> D.C. No. 2:04-cv-05593-GAF-RNB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted June 10, 2011
Pasadena, California

Before: B. FLETCHER, and N.R. SMITH, Circuit Judges, and BREWSTER, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Rudi M. Brewster, Senior United States District Judge for the Southern District of California, sitting by designation.

Appellants appeal the district court's judgment, following a bench trial, holding that the mutual fund investors failed to prove the Appellees breached the fiduciary duty imposed by § 36(b) of the Investment Company Act of 1940.  15 U.S.C. § 80a-35(b) (hereinafter "the Act").  We affirm in large part for the reasons stated in the district court's comprehensive order.[1]

A.  Issues of Law

The district court carefully applied the authoritative legal standard to determine if Appellees violated their fiduciary duty.  The district court correctly applied the factors set forth in *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923 (2d Cir. 1982).  Three months after the district court filed its order, the United States Supreme Court adopted the *Gartenberg* legal standard.  *Jones v. Harris Assocs. L.P.*, 130 S. Ct. 1418, 1430 (2010).  Thus, we do not need to remand the action for further proceedings in light of the recent *Jones* decision.

---

[1]The district court issued a 24-page minute order setting forth its general conclusions in a "Statement of Intended Decision."  Appellees then prepared proposed findings of fact and conclusions of law, with citations to exhibits and trial testimony; Appellants filed objections; and, finally, the district court issued a final order.  Thus, Appellants are mistaken when they claim the Appellees wrote the order with the exception of the preamble.  This is not a case in which a trial judge "mechanically adopted" verbatim findings that had been written by the victor.  *Cf. Indus. Bldg. Materials, Inc. v. Interchem. Corp.*, 437 F.2d 1336, 1339-40 (9th Cir. 1970).

The Act, *Jones*, and *Gartenberg* all require the court to calibrate the degree of deference afforded the independent directors' expertise based on the care and conscientiousness with which they performed their duties. 15 U.S.C. § 80a-35(b)(2) ("approval by the board of directors . . . shall be given such consideration by the court as is deemed appropriate under all the circumstances"); *Jones*, 130 S. Ct. at 1429; *Gartenberg*, 694 F.2d at 930. Here, the district court meticulously applied the proper standard to the case. The district court criticized the independent directors for "papering the file," and, as a result, gave their approval less deference than it would have given if they had diligently performed their "watchdog" role. The district court's findings are not internally inconsistent, but instead reflect the district court's correct conclusion that the lack of directors' conscientiousness was "not sufficient to rebut the substantial evidence that overall the conduct of the directors met the *Gartenberg* standard," and that "based on the entirety of the record before it, that the Unaffiliated Directors carefully and diligently exercised their responsibility in approving the fees at issue."

The district court also properly evaluated the other relevant factors to determine that Appellees' fees were not "so disproportionately large" that they bore "no reasonable relationship to services rendered." *Gartenberg*, 694 F.2d at 928-30; *accord Jones*, 130 S. Ct. at 1426-27 & n.5.

We agree with Appellants, however, that the Act encompasses a claim that a fiduciary may breach its duty by improperly using fees. The Act imposes a fiduciary duty "with respect to the receipt of compensation for services, or of payments of a material nature," and permits a claim "concerning such compensation or payments." 15 U.S.C. § 80a-35(b). This language is broad enough to permit a plaintiff to sue on a theory that fees were used for improper purposes. *See Forsythe v. Sun Life Fin., Inc.*, 417 F. Supp. 2d 100, 115-16 (D. Mass. 2006); *Siemers v. Wells Fargo & Co.*, 2006 WL 2355411 (N.D. Cal. 2006); *but see In Re Eaton Vance Mutual Funds Fee Litig.*, 380 F. Supp. 2d 222, 237 (S.D.N.Y. 2005), *aff'd sub nom*, *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 117-18 (2d Cir. 2007).

Here, however, Appellants did not attempt to show that Appellees misused the fees or that the mutual funds did not benefit from the services provided by those fees. Instead, Appellants relied on the theory that fees were used to promote growth that was adversely affecting the mutual funds. The district court rejected this theory. On the facts presented at trial, we affirm the district court's conclusion that Appellants did not prove a breach of fiduciary duty by improperly using fees.

B. Issues of Fact

Appellants fail to show that any of the district court's fact findings are "clearly erroneous." Fed. R. Civ. P. 52(a)(6); *Anderson v. Bessemer City*, 470 U.S. 564, 573-75 (1985); *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). The district court thoroughly discussed the relevant factors and carefully examined the voluminous documents, extensive testimony, and conflicting expert opinions before making detailed and eminently plausible findings of fact. The district court stated clear and coherent reasons for relying on the testimony of Appellees' expert witnesses as credible and persuasive. *Beech Aircraft Corp. v. United States*, 51 F.3d 834, 838 (9th Cir. 1995).

C. <u>Discovery Issues</u>

Appellants challenge two discovery orders – the first by the district court and the second by the magistrate judge – denying their motions to compel.

"'[B]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'" *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

While we might have handled the discovery request for information regarding employee-level compensation and profit sharing data differently, the

district court did not abuse its broad discretion. Moreover, Appellants have not established prejudice from the denial of their motion to compel because they sought evidence that would not have altered the outcome. Appellants had the information on a macro-level, including the total sum of the fees collected, the amount the investment advisor retained, and the amounts passed to the subsidiaries and brokers. The result of the bench trial would have been the same if Appellants had presented that same basic information in a different form, *i.e.,* on the micro-level of each individual's compensation.

As to the second discovery order, Appellants "forfeited [their] right to appellate review of that order" because they did not file an objection to the magistrate judge's discovery ruling with the district judge as required by Federal Rule of Civil Procedure 72(a). *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) (footnote omitted). In any event, the magistrate judge did not abuse his broad discretion in denying the motion to compel Appellees' outside accountant, a non-party, to produce its work papers. Appellants had the raw data from the Appellees and they did not allege the audit was improper.

AFFIRMED.

-6-