**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SARAH WEST; AUSRA WEST; JAMES WEST,

Plaintiffs - Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; JOHN DOES A, B, AND C,

Defendants - Appellees.

No. 11-35701

D.C. No. 9:10-cv-00132-DWN

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted July 11, 2012[**]
Seattle, Washington

Before: REINHARDT, KLEINFELD, and M. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sarah West and her parents, Ausra and James West, appeal the district court's dismissal of their diversity action against State Farm Mutual Automobile Insurance Company, arising from Sarah West's involvement in an automobile accident in a car owned by her parents and insured by State Farm. The Wests alleged breach of contract, violation of the Montana Unfair Trade Practices Act, tortious breach of statutory duties, fraud and breach of fiduciary duties, a punitive damages claim, negligent infliction of emotional distress, and intentional infliction of emotional distress. The district court granted State Farm's motion to dismiss for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), concluding that the Wests' claims were barred by res judicata and collateral estoppel.

On appeal, the Wests challenge five nondispositive orders by the magistrate judge. The Wests (1) moved for the magistrate judge to disqualify himself; (2) moved to compel State Farms's compliance with untimely discovery requests; (3) moved to stay proceedings upon State Farm's motion to dismiss until State Farm provided answers to the disputed discovery requests; and (4) moved to amend their complaint. The magistrate judge denied all four motions. The Wests also challenge the fifth order, in which the magistrate judge took judicial notice of

2

related state court orders under Federal Rule of Evidence 201. The Wests did not object to any of the magistrate judge's challenged orders before the district judge. Finally, the Wests argue on appeal that the magistrate created a legal environment hostile against them.

Federal Rule of Civil Procedure 72(a) requires a party to serve and file objections to a magistrate judge's order on a matter not dispositive of a party's claim or defense, within 14 days of being served with a copy of the order. The Rule further says, "A party may not assign as error a defect in the order not timely objected to." Based on this rule, "a party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order." Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996). The Wests have therefore forfeited their right to appellate review of the magistrate judge's nondispositive orders.

Federal Rule of Appellate Procedure 28(a)(9)(A) provides that the appellant's opening brief must have an argument that contains the "appellant's contentions and the reasons for them, with citations to the authorities and parts of

the record on which the appellant relies." We have held that "[i]ssues not raised in the opening brief usually are deemed waived." Balser v. Dep't of Justice, 327 F.3d 903, 911 (9th Cir. 2003). We will nevertheless consider the argument if one of three exceptions apply:

> First, we will review an issue not present in an opening brief for "good cause shown", or "if a failure to do so would result in manifest injustice." Second, "[w]e have discretion to review an issue not raised by appellant … when it is raised in the appellee's brief." Third, we may review an issue if the failure to raise the issue properly did not prejudice the defense of the opposing party.

Koerner v. Grigas, 328 F.3d 1039, 1048-49 (9th Cir. 2003) (quoting United States v. Ullah, 976 F.2d 509, 514 (9th Cir. 1992)) (internal citations removed).

In their opening brief, the Wests do not argue that the district court erred in granting State Farm's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). They did not mention the district court's order of dismissal, nor did they discuss res judicata, collateral estoppel, or the statutory exclusivity of the Montana Unfair Trade Practices Act, the grounds on which the district court based its dismissal of the Wests' claims. None of the three Koerner exceptions apply. The Wests have therefore waived any argument that the district court erred in dismissing their claims. Similarly, the Wests' failure to challenge the

4

magistrate's alleged creation of a hostile legal environment waived any such claim.

   **AFFIRMED.**