N.R. SMITH, Circuit Judge,
concurring in part and dissenting in part:
I agree that (1) Rodriguez’s claim that his trial counsel was ineffective for failing to investigate and present as witnesses Vonree Alberty and Kenneth Jackson relates back to his original claim of ineffective assistance; (2) this claim is proee-durally defaulted, because the California Supreme Court denied it on independent and adequate state grounds; and (3) the California Supreme Court did not unreasonably apply clearly established federal law when it denied Rodriguez’s claim that his trial counsel was ineffective for failing to present Roy Ramsey’s preliminary hearing transcript to the jury.
*624 However, the majority errs in determining that Rodriguez has potentially shown cause for his procedural default based on his lack of counsel during his state habeas proceedings. At no point throughout this appeal has Rodriguez argued that filing his state habeas petition pro se shows cause to overcome the procedural default. Although Rodriguez .made that argument in the district court, he has waived it on appeal by failing to “specifically and distinctly” make it in his opening brief. United States v. Ullah, 976 F.2d 509, 514 (9th Cir.1992). Ignoring this most basic principle of judicial restraint, the majority remands based on an argument Rodriguez did not make on appeal and to which the government has not had a chance to respond.
In order to have a federal court hear his procedurally defaulted claim, Rodriguez must show cause for the procedural default and prejudice. See Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Rodriguez asserted in the district court that his lack of counsel during his state habeas proceedings sufficed as cause for the procedural default. However, Rodriguez abandoned that argument on appeal. Instead, he argued in his opening brief that he can show cause because his state appellate counsel was ineffective. He again made the same argument in his reply brief and at oral argument: his state appellate counsel had an obligation to raise the issue in state habeas proceedings, his state appellate counsel failed to do so, and this ineffective assistance shows cause for the procedural default.
Rodriguez’s argument lacks merit. He points to no case or statute that requires his state appellate counsel to raise a claim of ineffective assistance in a state habeas petition. His appellate counsel could not have been ineffective for failing to fulfill an obligation she never had. Having found Rodriguez’s sole argument on appeal lacks merit, our inquiry into whether he can show cause for the procedural default should end.
Instead, the majority searches for an argument Rodriguez could have made that has merit. In that search, the majority decides that Rodriguez is potentially entitled to relief under Martinez v. Ryan, — U.S. -, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), because he did not have counsel in his state habeas proceedings. While that might be so, Rodriguez did not make that argument on appeal. Rather than decide the case based on the arguments presented to us by the parties, the majority here resurrects an argument Rodriguez made in the district court but abandoned on appeal.
The majority justifies raising the argument sua sponte because “Rodriguez explicitly identified Martinez as a basis for relief.” Mem. Dispo. at 4 n. 1. However, Rodriguez cites to Martinez only in the context of his argument that the ineffectiveness of his appellate counsel is sufficient to show cause. Citing a case that supports an argument Rodriguez could have made is much different than actually making the argument. See United States v. Williamson, 439 F.3d 1125, 1138 (9th Cir.2006) (“[Ijssues raised in a brief which are not supported by argument are deemed abandoned.”). There is a reason why we require the parties to submit briefs rather than just tables of authorities.
The majority further justifies raising the argument by citing Hall v. City of Los Angeles, 697 F.3d 1059 (9th Cir.2012), for the proposition that we can raise issues sua sponte “if failure to do so would result in manifest injustice, or if the opposing party will not suffer prejudice.” Id. at 1071. However, the majority fails to ex *625 plain how either of these exceptions to the waiver rule apply to the case at hand.
Contrary to the majority’s assertion, the waived argument does not offer Rodriguez a “clear path for relief,” Mem. Dispo. at 4; at most it provides Rodriguez a clear path for remand. However, even if the majority were correct that the waived argument could provide Rodriguez relief, that does not mean our failure to raise it sua sponte would result in manifest injustice. If that were true, the exception would swallow the rule: Why would we ever sua sponte raise an argument that we thought was merit-less? The manifest injustice exception requires more. See, e.g., Hall, 697 F.3d at 1071 (applying the manifest injustice exception in the “extraordinary circumstances” of an innocent man enduring a “constitutionally questionable” interrogation, being convicted through the use of “patently false inculpatory evidence,” and serving “19 years in state prison for a crime he did not commit”); Ullah, 976 F.2d at 514 (applying the manifest injustice exception where a conviction was based on a nonunanimous verdict, because such an error “is plain error” and the same error resulted in the co-defendant’s conviction being reversed).
Furthermore, the government has not had the opportunity to address the majority’s argument, which is precisely the type of prejudice we intend the waiver rule to prevent. See Hall, 697 F.3d at 1072 (finding appellees suffered no prejudice, because “we provided the parties the opportunity to brief this issue”); Alcaraz v. I.N.S., 384 F.3d 1150, 1161 (9th Cir.2004) (“[T]he government is not prejudiced by the Alcarazes’ failure to raise the issue in their opening brief because after oral argument we called for and received supplemental briefs by both parties on the repa-pering issue.”); United States v. Gamma Tech Indus., Inc., 265 F.3d 917, 930 (9th Cir.2001) (finding appellees were not prejudiced because although the “issue was not mentioned until oral argument, all parties have since discussed it and briefed it”).
The government had no reason to address the majority’s argument because, as the government noted in its brief, Rodriguez abandoned the argument on appeal. Imagine the government’s surprise when it discovers the majority has remanded based on the abandoned argument. Football players call that a “double reverse;” we call it prejudice. See Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1176 (9th Cir.1996) (“We have discretion to consider improperly presented claims of error where the appellee is not misled and the issue has been fully explored.” (emphasis added)).
Sua sponte raising an argument that we believe has merit can be tempting. However, Rodriguez’s counsel decided to abandon the argument on appeal that Rodriguez proceeding pro se in his state collateral proceeding shows cause. In light of the majority’s disposition, Rodriguez’s counsel made a mistake. Nevertheless, the majority errs in raising that argument on Rodriguez’s behalf. See Hartmann v. Prudential Ins. Co. of America, 9 F.3d 1207, 1214 (7th Cir.1993) (“[Ojur system ... is not geared to having judges take over the function of lawyers, even when the result would be to rescue clients from their lawyers’ mistakes.”). I respectfully dissent.