FILED

**NOT FOR PUBLICATION**

OCT 05 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROY WARDEN, | No. 14-16555 |
| Plaintiff-Appellant, | D.C. No. 4:11-cv-00460-DCB-BPV |
| v. | |
| MIKE RANKIN, individually and in his official capacity as Tucson City Attorney; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted September 27, 2016**

Before:     TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Roy Warden appeals pro se from the district court's judgment dismissing his

42 U.S.C. § 1983 action alleging various claims in connection with his attempts to

speak in a public park.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for an abuse of discretion the denial of a motion for leave to amend, *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 949 (9th Cir. 2006), and we affirm.

The district court did not abuse its discretion by denying Warden's motions for leave to amend his First Amendment claim alleging that he had been denied entry into a park and threatened with arrest because the record demonstrates that Warden had unduly delayed the litigation and acted in bad faith, and Warden's proposed amendments would prejudice defendants. *See id.* at 951 (setting forth factors that a district court may consider in deciding whether to grant motion for leave to amend); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000) ("Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." (citation and internal quotation marks omitted)).

Warden waived his right to appeal the magistrate judge's orders staying a scheduling conference and discovery because Warden failed to file timely objections to these orders. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned

forfeits its right to appellate review of that order.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including the dismissal of the action. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Warden's request for reassignment, set forth in his reply brief, is denied.

**AFFIRMED.**

14-16555