**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN DARNELL BRYANT, | No. 14-55351 |
| Plaintiff-Appellant, | D.C. No. 3:09-cv-01334-WQH-MDD |
| v. | |
| SELEAINA ANN THOMAS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted September 27, 2016[**]

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

California state prisoner Kevin Darnell Bryant appeals pro se from the

district court's summary judgment and dismissal order in his 42 U.S.C. § 1983

action alleging deliberate indifference to his serious medical needs.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1051, 1056 (9th Cir. 2004) (summary judgment); *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011) (dismissal under Federal Rule of Civil Procedure 12(b)(6)). We affirm.

The district court properly granted summary judgment for defendant Thomas because Bryant failed to raise a genuine dispute of material fact as to whether Thomas was deliberately indifferent to his joint pain and other medical needs. *See Toguchi*, 391 F.3d at 1060 (deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly dismissed Bryant's deliberate indifference claims against defendants Levin, Scribner, Edwards, Vrooman, and Sepulveda because Bryant failed to allege facts sufficient to state a claim for deliberate indifference to his medical needs. *See id.*

The scope of this appeal does not include review of the district court's September 8, 2015 denial of the post-judgment motion filed on December 12, 2014. *See* Docket Entry No. 34.

The district court did not abuse its discretion in denying in part Bryant's motion to compel additional discovery because the requested discovery was either

14-55351

not relevant or could be obtained from Bryant's medical files. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review).

We do not consider Bryant's contention that the magistrate judge erred in denying his motion for appointment of a medical expert because Bryant failed to file timely objections to the district court. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order."); *see also* Fed. R. Civ. P. 72(a).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**