**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 14 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY W. ROBINSON, | No. 15-15565 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-02783-MCE-GGH |
| v. | |
| COUNTY OF SAN JOAQUIN; SAN JOAQUIN COUNTY EMPLOYMENT AND ECONOMIC DEVELOPMENT DEPARTMENT, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted July 10, 2017**

Before:   THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit
Judges.

Anthony W. Robinson appeals pro se from the district court's adverse grant

of summary judgment in his employment action alleging retaliation and race

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discrimination under Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Yartzoff v. Thomas*, 809 F.2d 1371, 1373 (9th Cir. 1987). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on Robinson's retaliation claim because Robinson failed to raise a genuine dispute of material fact as to whether there was a causal link between his protected activity and the 2009 performance review or his layoff. *See id.* at 1375 (setting forth prima facie case of retaliation).

The district court properly granted summary judgment on Robinson's discrimination claim to the extent that it was based on Robinson's layoff because Robinson failed to raise a genuine dispute of material fact as to whether the County of San Joaquin's ("County") legitimate, non-discriminatory reasons for laying him off were pretextual. *See Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 640–42 & n.5 (9th Cir. 2004) (setting forth discrimination claim under Title VII).

However, the district court erred in limiting the alleged adverse employment action to Robinson's layoff. Liberally construed, Robinson's pro se complaint also alleged an adverse employment action in the form of the 2009 unsatisfactory performance review. Summary judgment on the discrimination claim based on the 2009 unsatisfactory review was improper because Robinson raised a genuine dispute of material fact as to whether he established a prima facie case for

2

employment discrimination and whether the County's proffered reasons for the unsatisfactory review were pretextual. *See id.*; *Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000) (recognizing that "undeserved performance ratings" can constitute adverse employment actions (citation omitted)). Specifically, the record in the case contains disputed material facts as to the County's performance expectations as communicated to Robinson and whether Robinson was performing according to those expectations. The record also contains disputed material facts as to whether other employees with qualifications similar to Robinson were treated more favorably. Accordingly, we vacate the district court's summary judgment as to Robinson's discrimination claim based on the 2009 review and remand for further proceedings on this claim only.

We do not consider Robinson's contention that the magistrate judge erred in denying his motion to compel documents withheld by the County on the ground of attorney-client privilege or his motion for an appointment of counsel because Robinson failed to file timely objections with the district court. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order."); *see also* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to [nondispositive] order[s] within 14 days after being served with a copy.").

3

We do not consider matters not specifically and distinctly raised and argued in the opening brief or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**