NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br> and<br><br>NASSIM BAYAT, an individual residing in Orange County, California; POUPAK BAYAT, an individual residing in Orange County, California; NACENT TRUST, by and through its Trustee Ziba Sanai; RAYMOND G SCHREIBER TRUST, by and through its Trustee Lynn Schreiber,<br><br>         Claimants-Appellants,<br><br>  v.<br><br>CORNERSTONE EQUITY FUND, LLC,<br><br>         Claimant-Appellee,<br><br> and<br><br>$451,624.51 SEIZED FROM FXDD ACCOUNT NO. '7807; $106,300.29 SEIZED FROM FXDD ACCOUNT NO. '7870,<br><br>         Defendants. | No. 15-55920<br><br>D.C. No.<br>8:14-cv-00051-JLS-DFM<br><br>MEMORANDUM* |

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| UNITED STATES OF AMERICA, | Nos. 15-56357 |
| Plaintiff-Appellant, | 15-56721 |
| v. | D.C. No. |
| CORNERSTONE EQUITY FUND, LLC, | 8:14-cv-00051-JLS-DFM |
| Claimant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted April 11, 2018
Pasadena, California

Before: SCHROEDER, CLIFTON, and M. SMITH, Circuit Judges.

Claimants-Appellants Nassim Bayat, Poupak Bayat, Nacent Trust, and Raymond G. Schreiber Trust appeal the district court's grant of summary judgment to Claimant-Appellee Cornerstone Equity Fund, LLC (Cornerstone), arguing that Cornerstone was not an innocent owner of the seized funds (the Funds) that are at issue in this civil asset forfeiture action. Plaintiff-Appellant the United States of America appeals each of the district court's two fee awards, arguing that if the district court erred on the merits, then the fee awards should be vacated.

As the facts and procedural history are familiar to the parties, we do not recite them here.

1.    We have jurisdiction over these consolidated appeals. As a general matter,

2

we retain jurisdiction in an *in rem* civil forfeiture proceeding even after the res is removed from the district court's control. *See Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 88-89 (1992); *Ventura Packers, Inc. v. F/V JEANINE KATHLEEN*, 424 F.3d 852, 859-60 (9th Cir. 2005). However, an exception to this general rule may arise "where the release of the property would render the judgment 'useless' because 'the thing could neither be delivered to the libellants, nor restored to the claimants.'" *Republic Nat'l Bank*, 506 U.S. at 85 (quoting *United States v. The Little Charles*, 26 F. Cas. 979 (C.C. Va. 1818) (No. 15,612)). Here though, this "useless judgment" exception does not apply, even though the Funds have been distributed to Cornerstone's investors. Because the investors to whom the Funds were distributed are themselves claimants in the underlying proceeding, and this *in rem* action is still pending, the Funds are still subject to the court's jurisdiction and the district court could order their return. *See Ventura Packers*, 424 F.3d at 862-63; *see also* 28 U.S.C. § 2465(a)(1). Thus, judgment for Claimants-Appellants would not be useless and we have jurisdiction pursuant to 28 U.S.C. § 1291.

2. In No. 15-55920, Claimants-Appellants contend that the district court erred in determining that Cornerstone's interest derived from a constructive trust, such that it was an equitable interest with priority over the interests of unsecured creditors Claimants-Appellants. Specifically, Claimants-Appellants argue that the district court erred in imposing a constructive trust because the "balance of interests" did

not favor doing so. Because Claimants-Appellants were "indisputably victims of Bogart's fraudulent scheme," and were "instrumental in enabling the government to apprehend a fraudster and recover proceeds from his fraud," Claimants-Appellants believe they were "entitled to preferential treatment in the division of the recovered proceeds of the fraud [vis-à-vis] other victims who made no similar effort."

However, Claimants-Appellants provide no legal basis for these claims. Their arguments are not supported by the case law to which they cite. We have recognized that for purposes of civil forfeiture, ownership interests are defined by state law. *United States v. Real Prop. Located at 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004); *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1119-20 (9th Cir. 2004). Under California law, three conditions must be shown for a court to recognize a constructive trust: "(1) a specific, identifiable property interest, (2) the plaintiff's right to the property interest, and (3) the defendant's acquisition or detention of the property interest by some wrongful act." *Higgins v. Higgins*, 217 Cal. Rptr. 3d 691, 700 (Ct. App.), *review denied* (Cal. 2017); *see also, e.g.*, *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 909 (9th Cir. 2010). Cornerstone satisfied these requirements, and California law does not require more. The district court's grant of summary judgment is affirmed.

3.     Claimants-Appellants have forfeited their right to challenge on appeal the denial of their motion for leave to depose Lynn Dale Bogart because they failed to

4

object to the magistrate judge's order before the district court as is required by Federal Rule of Civil Procedure 72. Adherence to Rule 72's objection procedure is not optional. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

4. In light of the foregoing, the panel dismisses Plaintiff-Appellant's appeals, Nos. 15-56357 and 15-56721. The parties agree that Plaintiff-Appellant's appeals are contingent on the panel's reversal of the district court's summary judgment grant and meritless in the event of an affirmance. Thus, because we affirm in No. 15-55920, we dismiss Plaintiff-Appellant's appeals as moot. *See* Fed. R. App. Pro. 42(b); *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).

No. 15-55920 is AFFIRMED. Nos. 15-56357 and 15-56721 are DISMISSED.