**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRETT EMMETT LLOYD, | No.   19-35312 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00582-MK |
| v. | |
| JOHN GERHARD; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| ANDREW PULVER; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted April 7, 2020[**]

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Oregon state prisoner Brett Emmett Lloyd appeals pro se from the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his 42 U.S.C. § 1983 action alleging malicious prosecution claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011) (motion to dismiss); *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) (special motion to strike under anti-SLAPP statute). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Lloyd's malicious prosecution claims against defendants Warner and the City of Beaverton because Lloyd failed to allege facts sufficient to show that the criminal fraud charges were terminated in Lloyd's favor. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066-68 (9th Cir. 2004) (setting forth the elements of a § 1983 malicious prosecution claim; a dismissal in the interest of justice is a termination in the plaintiff's favor only if it "reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant"); *Perry v. Rein*, 168 P.3d 1163, 1170-71 (Or. App. 2007) (setting forth the elements of the state tort of malicious prosecution; a dismissal is favorable if it "it reflects adversely on the merits of the underlying action" (citation and internal quotation marks omitted)). For the same reasons, dismissal of Lloyd's malicious prosecution claims against defendant Gerhard was proper.

The district court properly granted defendant Ball's special motion to strike Lloyd's second amended complaint under Oregon's anti-SLAPP statute because Lloyd failed to show a probability of prevailing on the merits. *See Schwern v. Plunkett*, 845 F.3d 1241, 1245 (9th Cir. 2017) (setting forth required analysis under Oregon's anti-SLAPP statute); *see also* Or. Rev. Stat. § 31.150(3); *Awabdy*, 368 F.3d at 1066-68; *Perry*, 168 P.3d at 1170-71.

The district court did not abuse its discretion in denying Lloyd's motion to enter default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors for determining whether to enter default judgment).

Lloyd forfeited his opportunity to appeal the magistrate judge's denial of his motion for leave to amend his complaint a third time because Lloyd failed to file timely objections with the district judge. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.").

All pending motions are denied.

**AFFIRMED.**