**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADAM McADAMS, | No. 18-16735 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00337-SMM |
| v. | |
| CHARLES L. RYAN; RICHARD PRATT, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted December 2, 2020**

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Adam McAdams appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious

medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

McAdams failed to include any argument in his opening brief regarding the district court's grant of summary judgment, and thus has waived any challenge to that issue. *See McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009) (arguments not raised in an appellant's opening brief are waived).

The district court did not abuse its discretion by denying McAdams's motion for a good faith discovery consultation with defendants. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004) (standard of review); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (explaining that the district court's discretion to deny discovery "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice" (citation and internal quotation marks omitted)).

McAdams forfeited his opportunity to appeal the magistrate judge's orders denying McAdams's motions to strike defendants' filings, his motion for sanctions against defendants' counsel, and his motion for default judgment because McAdams did not file objections to the magistrate judge's orders. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.").

We do not consider facts or documents that were not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**