NOT FOR PUBLICATION

**FILED**

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

AUG 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY W. MERRILL, | No. 22-35731 |
| Plaintiff-Appellant, | D.C. No. 6:20-cv-00984-MK |
| v. | |
| LANE FIRE AUTHORITY; TERRY NEY; STOELK INVESTIGATION AND CONSULTATION, LLC, an Oregon Limited Liability Company; D. CRAIG STOELK, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted August 24, 2023**
Portland, Oregon

Before:  BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Larry Merrill appeals the district court's grant of summary judgment to

defendants Lane Fire Authority (LFA), Chief Terry Ney, Stoelk Investigation and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Consultation, LLC, and D. Craig Stoelk (collectively, Defendants) on claims arising out of the termination of his employment with LFA. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"We review de novo a district court's grant of summary judgment, considering the record in the light most favorable to the non-moving party." *G & G Closed Cir. Events, LLC v. Liu*, 45 F.4th 1113, 1115 (9th Cir. 2022). We "may affirm the district court on any grounds the record supports." *Id*. at 1117 (citing *Sully v. Ayers*, 725 F.3d 1057, 1067 (9th Cir. 2013)).

1. Merrill claims that the termination of his employment deprived him of a protected property interest without due process of law.[1] Where, as here, a public employer's policy prohibits the termination of employment without just cause, employment may only be terminated after the employee has received due process of law. *See Blantz v. Cal. Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 922 (9th Cir. 2013). To comport with due process, "a public employee with a property interest in his continued employment must be provided with 'oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.'" *Walls v.*

---

[1] Neither Merrill nor the district court distinguish between his due process and wrongful termination claims, analyzing both claims under a procedural due process framework. Merrill does not appeal the district court's determination that his negligence claim is barred by Oregon's economic loss doctrine. *See Onita Pac. Corp. v. Trs. of Bronson*, 843 P.2d 890, 896 (Or. 1992).

*Cent. Contra Costa Transit Auth.*, 653 F.3d 963, 968 (9th Cir. 2011) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)).

Merrill's employment with LFA was terminated after a coworker complained that Merrill had sexually harassed her, and an investigation of the complaint revealed repeated instances of sexual misconduct stretching back over more than a decade. Merrill argues that he did not receive notice that the investigation had expanded to encompass incidents from years before the alleged sexual harassment, and claims that he was not given an opportunity to address those incidents. These assertions are contradicted by the record. The record shows that Merrill was interviewed regarding all allegations against him, provided a 40-page report describing the witness statements supporting those allegations, and then given the opportunity to respond at a hearing either orally or in writing. These procedures satisfy the requirements of due process. *See id.*; *ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059, 1077 (9th Cir. 2015) (a detailed summary of witness testimony may be sufficient to provide notice).

Merrill also argues that LFA violated his collective bargaining agreement (CBA) by punishing him for offenses that took place years ago. But the provisions of the CBA Merrill cites place no time limits on discipline for past misconduct that, as here, was never investigated or punished. In any event, Merrill has brought a claim for violation of the Due Process Clause, not breach of contract. And for the

reasons given above, the requirements of due process were satisfied here. *See Walls*, 653 F.3d at 968.

Finally, Merrill argues that the investigation into his misconduct and decision to terminate his employment were tainted by unconstitutional bias. But Merrill's complaints about the investigation—that the investigator's report rejected his attempted explanations for his misconduct, credited witnesses' descriptions of events, and characterized Merrill's behavior as "creepy" or "aggressive"—do little more than simply dispute its conclusions. This disagreement is insufficient to support a claim of bias. *See Stivers v. Pierce*, 71 F.3d 732, 741–42 (9th Cir. 1995) ("repeated unfavorable rulings, standing alone" do not show unconstitutional bias). Merrill also argues that Chief Ney decided to fire him before his pretermination hearing, if not before the investigation even began. But the only evidence in the record probative of this point suggests the opposite: Chief Ney stated that he did not make up his mind to terminate Merrill until after the pretermination hearing. Accordingly, Merrill has not shown that the decision to terminate his employment was the result of unconstitutional bias.

2. Merrill appeals the district court's determination that his defamation claim was barred by the statute of limitations. Oregon law imposes a one-year statute of limitations on defamation actions. Or. Rev. Stat. § 12.120(2). Accordingly, even if the discovery rule applies, a defamation claim is barred if the

4

plaintiff "actually knew of [the] alleged defamation or, in the exercise of reasonable care, should have known of it more than one year from the date of the filing of the complaint." *Holdner v. Oregon Trout, Inc.*, 22 P.3d 244, 248 (Or. Ct. App. 2001).

Merrill claims that he was defamed when LFA and Chief Ney relayed to Oregon's Department of Public Safety Standards and Training (DPSST) the results of their investigation, which accused Merrill of criminal and sexual misconduct. But Merrill acknowledges that the DPSST informed him in either January or March of 2019 that he was going to lose his paramedic and firefighter certifications due to "sexual abuse" and "theft"—the precise allegations of criminal misconduct contained in LFA's investigative report. Merrill was therefore aware of the alleged defamation by early 2019, more than a year before he filed his complaint in June of 2020. Accordingly, his defamation claim is time-barred.[2]

3. Finally, Merrill appeals the magistrate's nondispositive ruling that the attorney-client privilege protected communications between Chief Ney, LFA's attorney, and Stoelk—the investigator hired to look into the complaint against Merrill. Merrill, however, failed to object to the magistrate's decision within 14

---

[2] Because Merrill's claim is time barred even if it accrued in early 2019, we need not address LFA and Chief Ney's argument that the limitations period began to run in June of 2018, when LFA's investigatory report was sent to Merrill's union representative.

5

days (or indeed at all) as required by Federal Rule of Civil Procedure 72(a). He has therefore "forfeit[ed] [his] right to appellate review of that order," and we accordingly decline to review it. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

**AFFIRMED.**